Dennis K. Ames, Esq., State Bar No. 81460
    Email: dames@ljdfa.com
Marissa A. Warren, Esq., State Bar No. 249583
    Email: mwarren@ljdfa.com
Merna R. Abdelmalak, Esq., State Bar No. 324349
    Email: mabdelmalak@ljdfa.com
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served herein as CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GARY GOLDSMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; DOES 1 through 10,<br><br>　　　　Defendants. | CASE NO.: 2:20-cv-00750-AB(JCx)<br>[Removal from Superior Court of California, Los Angeles, Case No.: 19STCV44041]<br><br>District Judge Andre Birotte, Jr.<br>Magistrate Judge Jacqueline Chooljian<br><br>**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**<br><br>ACTION FILED: December 9, 2019 |

NOTICE IS HEREBY GIVEN that on the March 20, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the above-captioned Court, located at 350 West First Street, Los Angeles, CA 90012, Defendant GARFIELD BEACH CVS, L.L.C. (hereinafter "Defendant" or "CVS") will move this Court for an order dismissing Plaintiff's complaint against Defendant pursuant to F.R.C.P. 12(b)(6).

Dated: January 31, 2020　　　LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

　　　　　　　　　　　　　　*/s/ Marissa A. Warren*
　　　　　　　　　　　　　　DENNIS K. AMES, ESQ.
　　　　　　　　　　　　　　MARISSA WARREN, ESQ.
　　　　　　　　　　　　　　Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii-iv

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................................ 1

I.     BRIEF SUMMARY OF BASIS FOR DISMISSAL ............................................ 1

II.    PROCEDURAL BACKGROUND ................................................................. 2

III.   INTRODUCTION ........................................................................................ 2

IV.   THE PRESENT ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED UNDER FRCP 12(b)(6) . 3

V.    PLAINTIFF'S UNRUH CIVIL RIGHTS CLAIM IS BASELESS AND SHOULD BE DISMISSED ........................................................................... 4

VI.   PLAINTIFF'S CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IS INADEQUATELY PLEAD AND MUST BE DISMISSED .......................... 6

VII.  PLAINTIFF'S THIRD CAUSE OF ACTION FOR "NEGLIGENCE" FOURTH CAUSE OF ACTION FOR "CONVERSION" AND FIFTH CAUSE OF ACTION FOR "VICARIOUS LIABILITY" MUST BE DISMISSED ............................... 7

    A. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "NEGLIGENCE" FOURTH CAUSE OF ACTION FOR "CONVERSION" AND FIFTH CAUSE OF ACTION FOR "VICARIOUS LIABILITY" MUST BE DISMISSED ... 8

    B. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR "CONVERSION" MUST BE DISMISSED ............................................................................ 11

VIII. CONCLUSION ............................................................................................ 12

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

# TABLE OF AUTHORITIES

## CASE LAW

Ashcroft v. Iqbal
    129 S. Ct. 1937, 1949 (2009) ............................................................................. 3, 4

Bell Atl. Corp. v. Twombly
    550 U.S. 544 (2007) ............................................................................................. 3

Canister v. Emergency Ambulance Service, Inc.
160 Cal.App.4th 388 ................................................................................................. 1, 8

Cohn v. Corinthian Colleges, Inc.
    (2008) 169 Cal.App.4th 523, 528 ........................................................................ 4

David M. v. Beverly Hospital
    131 Cal.App.4th 1272, 1281, footnote 3 (2005) .................................................. 8

Delaney v. Baker
    20 Cal.4th 23, 39-40 (1999) ................................................................................ 8

Dichter-Mad Family Partners
    LLP v. U.S., 707 F.Supp.2d 1016 (C.D. Cal. 2010) Iqbal and Twombly ............ 3

Flowers v. Torrance Memorial Hospital Medical Center
    8 Cal.4th 992, 998-999 (1992) ......................................................................... 8, 9

Gatto v. County of Sonoma
    (2002) 98 Cal.App,4th 744, 759 .......................................................................... 4

Gruber v. Pacific States Sav. & Loan Co.
    (1939) 13 Cal.2d 144, 148 [88 P.2d 137] .......................................................... 11

Hall v. Time Inc.
    158 Cal.App.4th 847, 849 (2008) ........................................................................ 6

Jackson v. Carey
    353 F.3d 750, 758 (9th Cir. 2003) ....................................................................... 3

Khoury v. Maly's of Calif., Inc.
    (1994) 14 Cal. App. 4th 612, 619.) ...................................................................... 6

Kwikset Corp. v. Superior Court
    51 Cal.4th 310, 322 (2011) .................................................................................. 6

Landeros v. Flood 17
    Cal.3d 399, 410 [131 Cal.Rptr. 69, 551 P.2d 389,97 A.L.R.3d 324] (1976) ....... 9

Lazy Y Ranch LTD. v. Behrens
    (9th Cir. 2008) 546 F.3d 580, 588 ....................................................................... 3

    Iqbal, 556 U.S. at 678

Los Angeles Federal Credit Union v. Madatyan
    (2012) 209 Cal.App.4th 1383, 1387 .................................................................. 11

Munson v. Del Taco, Inc.
    (2009) 46 Cal. 4th 661, 664 ................................................................................. 4

Ramirez v. Wong
    (2010) 188 Cal.App.4th 1480 .............................................................................. 4

So v. Shin (2013)
212 Cal.App.4th 652 ................................................................................................ 1, 9

Sprewell v. Golden State Warriors
    266 F.3d 979, 988 (9th Cir. 2001) ....................................................................... 3

Western Mining Council v. Watt
    (9th Cir. 1981) 643 F.2d 618, 624 ....................................................................... 4

## STATE STATUTES

California *Code of Civil Procedure* section 340 ........................................................... 8

California *Civil Code* §§51, 52 ................................................................................... 4

California *Civil Code* § 3333.1 ............................................................... 1, 2, 3, 7, 8, 10

California *Civil Code* § 3333.2 ................................................................................... 8

California *Business & Professions Code* §§ 4000-4125 ............................................... 7

California *Business & Professions Code* § 6146 ..................................................... 1, 8

California *Business & Professions Code* § 17200   *6, 1*

F.R.C.P. 12(b)(6) .......................................................................................................... 2

## OTHER AUTHORITIES

CACI No. 2100 ........................................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BRIEF SUMMARY OF BASIS FOR DISMISSAL

Pursuant to F.R.C.P. 12(b)(6), Defendant, GARFIELD BEACH CVS, L.L.C erroneously sued and served as CVS PHARMACY, INC. (hereinafter "Defendant") moves to dismiss Plaintiffs' action against it on the basis that it fails to state a claim upon which relief can be granted for the five causes of action for "Violation of the Unruh Civil Rights Act," "Unfair Business and Practice," " Negligence," "Conversion," and "Vicarious Liability."

California *Civil Code* section 3333.1(c)(2) defines a "Health care provider" as any person licensed or certified pursuant to Division 2 […] of the *Business and Professions Code* [. . .]. Pharmacists and pharmacies are licensed under Division 2 of the Business and Professions Code and, therefore, fall within the scope of the statutory definition of health care provider. (*Cal. Bus. & Prof. Code* sections 4000-4125.)

As such, any claim arising out of an alleged negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury provided that such services are within the scope of services for which the provider is licensed. . . ." falls within the scope of "professional negligence" rather than general negligence or negligent hiring and supervision pursuant to *Civil Code* section 3333.1(c)(2); *Business & Professions Code* section 6146 (c)(3); *Canister v. Emergency Ambulance Service, Inc.* 160 Cal.App.4th 388, 394-395 and 405 (2008); See also *So v. Shin* (2013) 212 Cal.App.4th 652.

Plaintiff's Complaint alleges general negligence and vicarious liability rather than professional negligence. *See* Plaintiff's Complaint ("Comp."). Therefore, on its face, the Complaint fails to state a claim upon which relief can be granted and these causes of action should be dismissed.

Further, Plaintiff's first cause of action for "Violation of the Unruh Civil Rights Act" against CVS fails because Plaintiff does not plead any facts showing that the alleged discrimination on the part of CVS is based on his physical disability. Thus, Plaintiff's first

- 1 -                                Case no.: 2:20-cv-00750-AB(JCx)
MEMORANDUM OF POINTS AND AUTHORITIES

cause of action against the CVS fails to state a claim upon which relief can be granted.

Additionally, the second cause of action for "Unfair Business Practices" pursuant to Bus. And Prof. Code § 17200, et. seq. is improperly plead as Plaintiff fails to state any loss income or property due to CVS's alleged unlawful or unfair conduct. As such, Defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(6) must be granted.

## II. PROCEDURAL BACKGROUND

Plaintiff, Gary Goldsmith, filed his complaint on December 9, 2019, in the Los Angeles County Superior Court – Central District. The Summons and Complaint were thereafter served on December 17, 2019 on Garfield Beach CVS, L.L.C. erroneously sued and served as CVS Pharmacy, Inc.

Pursuant to 28 USC section 1446(a), Defendant timely removed this action to Federal District Court on January 24, 2020. *Dkt*. 2-1. Therefore, this motion to dismiss is timely filed as Defendant's responsive pleading to Plaintiffs' Complaint following removal pursuant to F.R.C.P. 12(b)(6).

In advance of the filing of the instant Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), counsel for Defendant attempted to meet and confer with Plaintiff's counsel via telephone concerning the substance of this motion, but was unable to come to a resolution. Thus, Defendant proceeded with the filing of the instant Motion to Dismiss.

## III. INTRODUCTION

Plaintiff pleads improper and irrelevant causes of action against moving Defendant in a clear effort to circumvent the statutory limitations provided by MICRA (Civ. Code § 3333.1) afforded to healthcare provider defendants.  Specifically, Plaintiff alleges five causes of action: (1) "Violation of the Unruh Civil Rights Act," (2) "Unfair Business and Practice," (3) "Negligence," (4) "Conversion," and (5) "Vicarious Liability." Each of Plaintiff's causes of action arise out of a single incident in which moving Defendant, CVS, a healthcare provider, refused to fill and dispense a prescription to Plaintiff on January 11, 2019. *See* Plaintiff's Complaint ("Cmplt"). Specifically, the only conduct Plaintiff alleges resulting in injury and/or damages to him is the alleged refusal to dispense MS Contin

extended release medication to Plaintiff. Thus, each of the causes of action alleged in Plaintiff's Complaint fall within the scope of MICRA as they arise out of the rendering of health care services under *Civ. Code* section 3333.1. Plaintiff has failed to plead a cause of action for medical and/or professional negligence and ss such, Plaintiffs' Complaint should be dismissed.

## IV. THE PRESENT ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED UNDER FRCP 12(b)(6)

A complaint should be dismissed where its allegations fail to state a claim upon which relief can be granted. FRCP 12(b)(6). Under the minimal pleadings standard of FRCP 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Though "detailed factual allegations are not required," to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (id.), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Dichter-Mad Family Partners, LLP v. U.S., 707 F.Supp.2d 1016, 1025-1026 (C.D. Cal. 2010) (Iqbal and Twombly set forth the proper standard for evaluating a complaint subject to a motion to dismiss). Furthermore, where the court finds that the deficiencies of the complaint cannot possibly be cured by amendment, dismissal without leave to amend is appropriate. Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003).

The "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD. v.

Behrens (9th Cir. 2008) 546 F.3d 580, 588. However, the court need not accept as true conclusory legal allegations; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678; Western Mining Council v. Watt (9th Cir. 1981) 643 F.2d 618, 624.

## V. PLAINTIFF'S FIRST CAUSE OF ACTION FOR UNRUH CIVIL RIGHTS CLAIM IS BASELESS AND SHOULD BE DISMISSED

Plaintiff's first cause of action alleges that CVS discriminated against him on the basis of his "disability" by not dispensing his MS Contin extended release medication, thereby violating the Unruh Civil Rights Act. (Comp., ¶ 37).

Causes of action for discrimination under the Unruh Civil Rights Act require Plaintiff to show he was discriminated against because of his membership in a protected class. The Unruh Civil Rights Act provides that all persons **no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code. §§51, 52. (Emphasis added) The Unruh Act's purpose is to prohibit discrimination against persons due to their individual membership in a **particular class**, in this case, the class of disabled individuals.

The purpose of the Unruh Act is to compel recognition of the equality of all persons in the right to the particular service offered by an organization or entity covered by the act. Ramirez v. Wong (2010) 188 Cal.App.4th 1480, 1485. The Act focuses on discriminatory behavior by business establishments. Gatto v. County of Sonoma (2002) 98 Cal.App4th 744, 759. Except for persons proceeding under the Unruh Act for violations of the American Disability Act, a claimant must prove intentional discrimination by the defendants. In other words, it must be shown that **the motivating reason** for defendant's conduct was the plaintiff's claimed status (i.e. gender, disability, sexual orientation). See Munson v. Del Taco, Inc. (2009) 46 Cal. 4th 661, 664; Cohn v. Corinthian Colleges, Inc.

(2008) 169 Cal.App.4th 523, 528.

Here, it is unclear what condition Plaintiff has which he claims served as the basis of CVS's discrimination of him in their failure to fill his prescribed medication. Plaintiff claims that he is "disabled" in that he alleges he has "chronic pain caused by an inoperable and defective hip implant." However, Plaintiff also claims that he was discriminated against on due to the fact that he is allegedly an opioid addict. (Comp., ¶ 36-37) However, even if both of Plaintiff's alleged conditions are accepted as true, Plaintiff fails to state a plausible claim for relief under the Unruh Civil Rights Claim.

First, Plaintiff claims that he has a physical disability due to "his chronic pain caused by an inoperable and defective hip implant." (Comp., ¶ 36). The fact that Plaintiff is classified as a disabled person, is insufficient to demonstrate that CVS discriminated against Plaintiff on the basis of his alleged physical disability. In fact, the only conduct Plaintiff alleges was unlawful in his Complaint is the encounter which took place on January 11, 2019, wherein Doe Defendant 1 (who worked within CVS's pharmacy) refused to dispense Plaintiff's prescription for MS Contin extended release "**presumably** because they **believed** he was addicted to opioids." (Comp., ¶ 37-38) (Emphasis added.) Plaintiff does not state any facts indicating that CVS made a decision not to dispense his prescription because he is a physically disabled individual. Plaintiff does not even allege as much, as he goes on to state that CVS did not dispense medication to him because "presumably they believed he was addicted to opioids." Plaintiff's allegeatiosn on their face are conclusory. Plaintiff does not allege any facts to support that the basis for CVS's determination not to dispense medication to him on January 11, 2019 was related to either his physical disability, or a belief that Plaintiff was an addict. Further, even if Plaintiff's theory is that CVS discriminated against him because agents of CVS believed he was addicted to opioids, opioid addicts are not members of a class of persons in which the Act was intended to protect.

Without any facts, let alone intentional facts, connecting CVS alleged discrimination on the basis of Plaintiff's claimed physical disability or status as an opioid

addict, Plaintiff is unable to plead a plausible theory of liability against moving Defendant. As such, Plaintiff fails to state a claim upon which relief can be granted as to the first cause of action and Defendant respectfully requests the first cause of action be dismissed.

## VI. PLAINTIFF'S SECOND CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IS INADEQUATELY PLEAD AND MUST BE DISMISSED

Bus. & Prof. Code Section 17200, California's unfair competition law, prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 ... of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200. To pursue a claim under section 17200, "[a] plaintiff must have suffered an 'injury in fact' and have 'lost money or property as a result of such unfair competition.'" Hall v. Time Inc., 158 Cal.App.4th 847, 849 (2008), citing Cal. Bus. & Prof. Code § 17200. To satisfy this narrow standing requirement, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011) (italics in original).

Further, "[a] plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." (See *Kearns*, _____ at 1125, see also Khoury v. Maly's of Calif., Inc. (1994) 14 Cal. App. 4th 612, 619.) Rather than set forth relevant facts to support his cause of action, Plaintiff merely quote provisions from the statute and then summarily state that the "defendant" violated the provisions.

Here, the act Plaintiff claims constituted an "unfair business practice" was the confiscation of his prescription for pain medication by the pharmacist at moving Defendant's pharmacy location on January 11, 2019. Plaintiff's alleged injury is the same injury that was alleged in his cause of action for negligence, alleged pain and suffering he endured for six days. Plaintiff fails to allege any loss of money or property as a result of

the allegedly unfair practices at issue. Plaintiff simply sets forth the language contained within the statutes without any facts to support his allegations that the statutes were violated. Plaintiff's Complaint is not been pled with any particularity as to the UCL cause of action, nor can it be as it is ripe with inconsistencies rendering it unintelligible. Even if moving Defendant negligently failed to dispense Plaintiff his MS Contin on January 11, 2019, as is alleged in Plaintiff's Complaint, this is a restatement of the grounds for his claim for negligence (which as stated above should be recharacterized as "professional negligence"), and as such, does not support a claim under the UCL. Therefore, Plaintiff fails to allege a legally cognizable injury or theory of liability under section 17200 and moving Defendant's motion to dismiss must be granted.

## VII. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "NEGLIGENCE" FOURTH CAUSE OF ACTION FOR "CONVERSION" AND FIFTH CAUSE OF ACTION FOR "VICARIOUS LIABILITY" MUST BE DISMISSED

Plaintiff's third cause of action for ordinary negligence and fourth cause of action for conversion is alleged against Doe Defendants 1-10. Plaintiff incorporates his third cause of action for ordinary negligence and fourth cause of action for conversion through the fifth cause of action for vicarious liability against CVS. Plaintiff's entire Complaint is based on refusal to fill Plaintiff's prescription for MS Contin extended release on January 11, 2019. Pharmacists and pharmacies, such as moving Defendant, are licensed under Division 2 of the California *Business and Professions Code* and, therefore, fall within the scope of the statutory definition of health care provider. (California *Civil Code* section 3333.1 and *Business and Professions Code* sections 4000-4125.) Thus, the proper cause of action to bring against a pharmacy and/or pharmacist for allegedly negligent rendering of pharmacy services is professional, not general or ordinary negligence. The only conduct at issue in Plaintiff's Complaint arises out of the alleged improper failure to dispense medication to Plaintiff, thus Plaintiff's cause of action for conversion also fails. Given that Plaintiff cannot state a claim upon which relief can be granted for either conversion or negligence, Plaintiff's fifth cause of action for vicarious liability also fails and must be

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

dismissed.

## A. PLAINTIFF'S THIRD CAUSE OF ACTION NEGLIGENCE AND FIFTH CAUSE OF ACTION FOR "VICARIOUS LIABILITY" MUST BE DISMISSED

The statutes and cases are clear:

"'Professional negligence' means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed . . ." *Code of Civil Procedure* section 340.5; *Civil Code* sections 3333.1(c)(2); *Civil Code* sections 3333.2(c)(2); *Business & Professions Code* section 6146 (c)(3); see also *Canister v. Emergency Ambulance Service, Inc.* 160 Cal.App.4th 388, 394-395 and 405 (2008).

The critical question, as defined by the Legislature, is whether the acts or omissions were provided by a health care provider in the rendering of professional services.

". . . the trial court must determine whether a plaintiff's action for damages is one 'arising out of professional negligence of a health care provider. . . Based on the language of [section 425.13(a)]and its legislative history, we conclude that an action for damages arises out of the professional negligence of a health care provider if the injury for which damages are sought is directly related to professional services provided by a health care provider." *Delaney v. Baker* 20 Cal.4th 23, 39-40 (1999) (Internal Citations omitted.)

The importance of the distinction between "general negligence" and "professional negligence" cannot be overstated. Categorizing a claim as professional negligence in California places the claim under the purview of MICRA (*Civ. Code* sec. 3333.1) which affects the recovery on non-economic damages, eliminates the collateral source rule, authorizes periodic payments of future damages in excess of $50,000 and restricts claims for punitive damages, as well as altering the applicable statute of limitations.

"Any distinction between "ordinary" and "professional" negligence has relevance primarily when the legislature has statutorily modified, restricted, or otherwise conditioned some aspect of an action for malpractice not directly related to the element of negligence itself. ...[for instance] [t]he Medical Injury Compensation Reform Act (MICRA) contains numerous provisions effecting substantial changes in negligence actions against health care providers. *Flowers v. Torrance Memorial Hospital Medical Center* 8 Cal.4th 992, 998-999 (1992). . . . *David M. v. Beverly Hospital* 131 Cal.App.4th 1272, 1281, footnote 3 (2005).)

The Court in *Flowers* further reasoned:

> [T]he general rule applicable in negligence cases arising out of the rendering of professional services: "'The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony [citations], unless the conduct required by the particular circumstances is within the common knowledge of the layman.'" Flowers, supra, 8 Cal. 4th, 992, 1001, citing *Landeros v. Flood* 17 Cal.3d 399, 410 [131 Cal.Rptr. 69, 551 P.2d 389, 97 A.L.R.3d 324] (1976), quoting *Sinz v. Owens* 33 Cal.2d 749, 753 [205 P.2d 3, 8 A.L.R.2d 757] (1949).

In the *Flowers* case, *supra*, plaintiff alleged both general and professional negligence arising out of an incident wherein the plaintiff, an ER patient, was on a gurney awaiting treatment, both side rails of the gurney were apparently not raised, and the plaintiff/patient fell off the gurney and sustained injury to her back and arm. The California Supreme Court held that this was a case arising out of professional negligence, not ordinary or general negligence. The Court reasoned that classifying a claim as professional rather than ordinary negligence serves only to identify any specialized knowledge or skill that may be a relevant "circumstance" in determining the standard of care by which the defendant's act or omission should be measured. The Court further held that the same factual predicate cannot give rise to two independent obligations to exercise due care according to two different standards. It called this a "legal impossibility," reasoning that "a defendant has only one duty, measured by one standard of care, under any given circumstances." (*Id.* at pg. 1000.)

Likewise, Plaintiff's cause of action for negligence is arises out of a theory of professional negligence. On point is the case of So v. Shin (2013) 212 Cal.App.4th 652, where Plaintiff brought a cause of action for negligence against defendant, hospital, alleging that the hospital was "negligent in hiring and continu[ing to employ defendant [Dr.] Shin in spite of [its] knowledge of [the doctor's] inability to provide health care services." In So, Plaintiff alleged that the hospital "owed a specific duty to make sure that the persons whom they employed performed health care services in a competent manner." The So Court noted that the hospital is a health care provider, and that providing inpatient care for a patient was clearly within the scope of services for which the hospital was

licensed.  Id. at p. 668.  The Court held that "[s]ince the hiring and supervision of medical personnel, as well as safeguarding incapacitated patients, are clearly within the scope of services for which the hospital is licensed, its alleged failure to do so necessarily states a claim for **professional negligence**.  Accordingly, plaintiff cannot pursue a claim of direct negligence against the hospital." Id. [Emphasis added.]

The appropriate cause of action for both the third and fifth causes of action in this matter is Professional Negligence, as this case clearly sounds in medical/pharmacy negligence, and vicarious liability is not an independent cause of action, but rather, a theory of professional negligence based upon a separate duty.

Here, Plaintiff contends that on January 11, 2019, he went to CVS pharmacy to have his prescription for MS Contin extended release filed. Plaintiff contends that Doe Defendant 1, an agent of moving Defendant, refused to fill Plaintiff's valid prescription. Plaintiff further contends that Doe Defendant 1 confiscated the written prescription from him. Plaintiff alleges that he suffered severe pain associated with his underlying hip condition as well as opioid withdrawal symptoms for several days. (Comp., ¶ 21-29)

It is beyond dispute that the services that Plaintiff allege were negligently performed by CVS are professional pharmacy services (i.e. heath care services). Further, the duty of care Plaintiff alleges Doe 1 breached is a professional standard of care to dispense prescribed medication, and as to CVS, the duty to properly employ pharmacists who conduct themselves with the duty of are expected of the profession. (Comp., ¶ 47 and 51-59) The pharmacy services at issue in Plaintiff's Complaint are considered professional services and the duty of care as alleged is that of a professional.  Therefore, Plaintiff cannot state a claim for general negligence, and vicarious liability for the conduct at issue in the Complaint, rather than professional negligence, to circumvent the statutory limitations set forth under *Civil Code* Sec. 3333.1. As such, Defendant's motion to dismiss Plaintiff's third cause of action for Negligence and fifth cause of action for vicarious liability stemming from the negligence of moving Defendant's alleged agents, must be granted,

with prejudice.

## B. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR "CONVERSION" MUST BE DISMISSED

As stated above, Plaintiff's entire complaint sounds in medical negligence. The entire Complaint is based upon a single alleged incident on January 11, 2019 which clearly arises out alleged professional negligence of a health care provider. Further, Plaintiff's claimed injuries for which damages are sought are directly related to CVS's rendering of professional pharmacy services. Despite this, Plaintiff brings a cause of action for "Conversion."

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. …' [Citation.]" (<u>Los Angeles Federal Credit Union v. Madatyan</u> (2012) 209 Cal.App.4th 1383, 1387, see <u>CACI</u> No. 2100; <u>Gruber v. Pacific States Sav. & Loan Co.</u> (1939) 13 Cal.2d 144, 148 [88 P.2d 137] [conversion is the wrongful exercise of dominion "over another's personal property in denial of or inconsistent with his rights therein"].)

Here, Plaintiff's cause of action for conversion sounds in professional negligence of a healthcare provider, as it is based on his allegation that an agent of moving Defendant wrongfully confiscated his prescription for MS Contin on January 11, 2019. Plaintiff fails to set forth any additional facts in order to adequately plead a cause of action for conversion. Specifically, Plaintiff fails to state any facts to fulfill the necessary elements of conversion of his prescription. Moreover, Plaintiff does not allege any actual injury as a result of Doe Defendants alleged wrongful possession of his prescription. Moving Defendant did nothing more than act within its professional obligations and medical judgment in engaging in the conduct described in Plaintiff's Complaint. As such, Plaintiff's fourth cause of action fails to state a claim upon which relief can be granted and must be dismissed. Further, Plaintiff's fifth cause of action for vicarious liability as it

relates to the fourth cause of action must also be dismissed.

## VIII. CONCLUSION

Based upon the foregoing, Defendant, GARFIELD BEACH CVS, L.L.C., respectfully requests the Court grant Defendant's Motion to Dismiss Plaintiff's complaint, in its entirety, with prejudice.

Dated: January 31, 2020

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

*/s/ Marissa A. Warren*
DENNIS K. AMES, ESQ.
MARISSA WARREN, ESQ.
MERNA R. ABDELMALAK, ESQ.
Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ]
] ss.
COUNTY OF ORANGE ]

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

    On January 31, 2020, I served the foregoing document described as **DEFENDANT GARFIELD BEACH CVS, L.L.C.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Peter Borenstein, Esq.
P.O. Box 885
Culver City, CA 90232
Phone: (213) 362-8740
Fax: (877) 460-3681
Email: peter@brnstn.org

*Attorneys for Plaintiff, GARY GOLDSMITH*

The documents were served by the following means:

[x]    By United States Mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Santa Ana, California.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

    Executed on January 31, 2020, at Santa Ana, California.

                        /s/Jenna Koval
                        JENNA KOVAL