1  Dennis K. Ames, Esq., State Bar No. 81460
         Email: dames@ljdfa.com
2  Marissa A. Warren, Esq., State Bar No. 249583
         Email: mwarren@ljdfa.com
3  Merna R. Abdelmalak, Esq., State Bar No. 324349
         Email: mabdelmalak@ljdfa.com
4  **LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
   2677 North Main Street, Suite 901
5  Santa Ana, California 92705-6632
   Telephone (714) 558-7008 • Facsimile (714) 972-0379
6
7  Attorneys for Defendant,
   GARFIELD BEACH CVS, L.L.C., erroneously sued and served
   herein as CVS Pharmacy, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| GARY GOLDSMITH, | CASE NO.: 2:20-cv-00750-AB(JCx) |
|---|---|
| Plaintiff, | [Removal from Superior Court of California, Los Angeles, Case No.: 19STCV44041] |
| vs. | District Judge Andre Birotte, Jr. |
| CVS PHARMACY, INC.; DOES 1 through 10, | Magistrate Judge Jacqueline Chooljian |
| Defendants. | **DEFENDANT GARFIELD BEACH CVS, L.L.C.'S NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES IMPROPERLY ASSERTED IN PLAINTIFF'S COMPLAINT** |
| | ACTION FILED: December 9, 2019 |

NOTICE IS HEREBY GIVEN that on the March 20, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the above-captioned Court, located at 350 West First Street, Los Angeles, CA 90012, Defendant GARFIELD BEACH CVS, L.L.C. (hereinafter "Defendant") will move this Court for an order striking the prayer for punitive damages improperly asserted in Plaintiff, GARY GOLDSMITH's Complaint pursuant to Rule 12(f) of Federal Rules of Civil Procedure ("FRCP") and Section 425.13(a) of the California Code of Civil Procedure ("C.C.P.", and Section 3294 of the California Civil Code ("Civ. Code").

Specifically, CVS seeks to strike the following provisions:

///

1. Page 6, Paragraph 50, "Therefore, in addition to recovering damages for the harms caused by Defendants' unlawful and unfair business practices, Plaintiff also seeks punitive damages pursuant to Civil Code section 3294.

2. Page 9, Prayer on all causes of action, line 4 "For punitive damages pursuant to Civil Code section 3294.

This motion will be based on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities, and the pleadings and papers filed herein, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

Dated: January 31, 2020     LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

*/s/ Marissa A. Warren*
DENNIS K. AMES, ESQ.
MARISSA WARREN, ESQ.
MERNA R. ABDELMALAK, ESQ.
Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.

Case no.: 2:20-cv-00750-AB(JCx)

- 2 -

**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S MOTION TO STRIKE PUNITIVE DAMAGES IMPROPERLY ASSERTED IN PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................. i-ii

**MEMORANDUM OF POINTS AND AUTHORITIES**.............................................................1

I.   INTRODUCTION ........................................................................................1

II.  AUTHORITY .............................................................................................1

III. PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES MUST BE STRICKEN BECAUSE PLAINTIFF DID NOT COMPLY WITH THE STATUTORY REQUIREMENTS OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.13 .......................................................................................1

IV.  PLAINTIFF FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES AGAINST THIS DEFENDANT ..........3

V.   CONCLUSION............................................................................................5

# TABLE OF AUTHORITIES

## CASE LAW

*Central Pathology Service Medical Clinic. Inc. v. Superior Court*
    3 Cal.4th 181, 192. (1992) ..................................................................................2

*College Hospital, Inc. v. Superior Court*
    8 Cal.4th 704, 719 (1994) ...................................................................................2

*Cyrus v. Havison*
    65 Cal.App.3d 306, 316-317 (1976) ..................................................................3

*Dawes v. Superior Court*
    (1980) 111 Cal. App. 3d 82, 87 .........................................................................4

*Faulkner v. California Toll Bridge Authority*
    40 Cal.2d 317 (1952) ..........................................................................................4

*Hilliard v. A.H. Robbins Co.*
    148 Cal.App.3d 374, 392 (1983) .......................................................................4

*Johnson v. Superior Court*
    101 Cal. App. 4th 869, 878-879(2002) .............................................................2

*Nolan v. National Convenience Stores*
    95 Cal.App.3d 279, 286 (1979) .........................................................................3

*Smithson v. Sparber*
    123 Cal.App. 225, 232 (1932) ...........................................................................4

*Tapley v. Lockwood Green Engineers, Inc.*
    502 F.2d 559 (8th Cir. 1974) .............................................................................1

*Toole v. Richardson-Merrell, Inc.*
    251 Cal.App.2d 689, 711 (1967) .......................................................................3

## **STATE STATUTES**

California *Civil Code* § 3294 ....................................................................... 1, 2, 3, 4

California *Code of Civil Procedure* § 423.13(a) ............................................................1

California *Code of Civil procedure* § 425.13(a) .......................................................1, 2

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff alleges five causes of action against moving Defendant, GARFIELD BEACH CVS, L.L.C. (hereinafter "Defendant" or "CVS") in his Complaint: (1) "Violation of the Unruh Civil Rights Act," (2) "Unfair Business and Practice," (3) "Negligence," (4) "Conversion," and (5) "Vicarious Liability." Each of Plaintiff's causes of action against CVS arise out of the services rendered by CVS, a healthcare provider, in relation to a single filing of a prescription on January 11, 2019. *See* Plaintiff's Complaint ("Cmplt"). Thus, any prayer for "exemplary damages intended to punish defendants" (i.e. punitive damages) must meet the strict pleading requirements mandated under Civ. Code § 3294. Further, to the extent that Plaintiff's causes of action all arise out of the rendering of pharmacy services, Plaintiff must also first meet the mandated hearing requirements under C.C.P. § 423.13(a) prior to alleging a prayer for punitive damages in his Complaint. Pursuant to the provisions of the statute plaintiff's punitive damages claim must be stricken CVS.

## II. AUTHORITY

FRCP 12(f) provides that the court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter. A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559 (8th Cir. 1974).

## III. PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES MUST BE STRICKEN BECAUSE PLAINTIFF DID NOT COMPLY WITH THE STATUTORY REQUIREMENTS OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.13

C.C.P. Section 425.13(a) provides:
> In any action for damages **arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint** or other pleading

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

> unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code.

The legislative purpose of Code of Civil Procedure section 425.13 was to require that any punitive damage claim against a health care provider be subject to procedures set out in the statute "if the injury that is the basis for the claim was caused by conduct that was directly related to the rendition of professional services." (*Central Pathology Service Medical Clinic. Inc. v. Superior Court,* 3 Cal.4th 181, 192. (1992)) "The Legislature's decision to provide health care practitioners with a procedural hurdle designed to weed out meritless punitive damage claims suggests the Legislature believed that such a mechanism was necessary to ensure that health care providers would not be embroiled in frivolous litigation that would affect their ability to continue to provide medical services to meet the health care needs of Californians." (*Johnson v. Superior Court* 101 Cal. App. 4th 869, 878-879(2002)). Pursuant to section 425.13, before a plaintiff can include a punitive damage claim against a health care provider for actions related to the provision of professional services, he must demonstrate to the court in a noticed motion that sufficient evidence exists supporting a judicial finding of a substantial probability that he will prevail on his punitive damage claim at trial. (*College Hospital, Inc. v. Superior Court*, 8 Cal.4th 704, 719 (1994).)

Here, Plaintiff failed to seek the necessary court order allowing him to include a prayer for punitive damages. Although pled under various different titles, the only conduct at issue which is the subject of Plaintiff's Complaint for damages arises out of the rendering of pharmacy services by moving Defendant CVS, a health care provider. Therefore, despite the attempt to plead around the provisions of MICRA and the statutory requirements of C.C.P. § 425.13 by alleging improper and deficient causes of action unrelated to

professional negligence, Plaintiff's claim for punitive damages against this defendant is improper. Thus, it is respectfully submitted that defendant's Motion to Strike should be granted subject to Plaintiff's ability to meet the requirements of California Code of Civil Procedure section 425.13.

## IV. PLAINTIFF FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES AGAINST THIS DEFENDANT

In addition to failing to meet the mandated hearing requirements under C.C.P. § 425.13, Plaintiff's factual allegations against moving defendant fail to support a claim for punitive damages, as the factual allegations fall short of the requirement that Plaintiff allege facts establishing conduct on the part of this defendant that amounts to oppression, fraud, or malice. A complaint must allege conduct of "such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct – conduct in which the defendant intends to cause harm." *Nolan v. National Convenience Stores*, 95 Cal.App.3d 279, 286 (1979). Ultimate facts of defendant's oppression, fraud or malice must be alleged. *Cyrus v. Havison*, 65 Cal.App.3d 306, 316-317 (1976). Moreover, facts alleging actual malice must be pleaded. *Toole v. Richardson-Merrell, Inc.,* 251 Cal.App.2d 689, 711 (1967). In order for a corporate employer to be liable for punitive and exemplary damages, the required action by the employer must have been performed by an officer, director, or managing agent of the corporation.

Moreover, Civ. Code § 3294 allows for punitive damages only "where defendant has been guilty of oppression, fraud or malice." Section 3294 also defines the terms "oppression," "fraud" and "malice." Malice is defined as "despicable" conduct of the defendant with a willful and conscious disregard of the rights or safety of others. Oppression is defined as despicable conduct that exposes an individual to cruel and unjust hardship in conscious disregard of that individual's rights. Lastly, fraud is defined as intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of

property or legal rights or otherwise causing injury.

Further, allegations of negligence cannot support a claim for punitive damages, no matter how gross. *Dawes v. Superior Court* (1980) 111 Cal. App. 3d 82, 87. Under Civil Code section 3294, "proof of negligence, even gross negligence, or recklessness is insufficient to warrant an award of punitive damages." *Id*. (emphasis added).

The caselaw in California is clear that a pleading is not sufficient if it merely alleges the statutory language. Rather, sufficient facts must be pleaded to show a party's acts are oppressive, fraudulent or malicious. *Hilliard v. A.H. Robbins Co.,* 148 Cal.App.3d 374, 392 (1983). "Allegations that the acts of [defendant] were 'arbitrary, capricious, fraudulent, wrongful and unlawful' like other adjectival descriptions of such proceedings, constitute mere conclusions of law." *Faulkner v. California Toll Bridge Authority*, 40 Cal.2d 317 (1952). Further, "whatever words are found in pleading (such, for instance, as 'carelessly, negligently, willfully, wrongfully[. . .]') going to state the pleader's conclusions, may be disregarded. A motion to strike out would be the proper way to seek their elimination[. . .]" *Smithson v. Sparber*, 123 Cal.App. 225, 232 (1932).

Here, even if the Court finds that Plaintiff's claims for punitive damages as to his cause of action for Unfair Business Practice does not arise out of the rendering of professional services from CVS, Plaintiff woefully fails to meet the strict pleading requirement that he allege specific facts which demonstrate "despicable" conduct on the part of CVS in order to warrant a prayer for punitive damages. Plaintiff's Complaint is devoid of any facts showing "malice," "oppression," or "fraud" on the part of CVS. Plaintiff merely asserts the speculative and baseless allegations that CVS committed unlawful and unfair practice when they exercised professional judgment in confiscating Plaintiff's prescription for MS Contin extended release on January 11, 2019. (Comp., ¶ 46, 51, 53-59) Thus, even taking the conclusory allegations in Plaintiff's Complaint as true for the purpose of the instant motion, they fail to rise to the level of factual allegations necessary to support a claim for punitive damages.

Therefore, Plaintiff's prayer for punitive damages and the corresponding

conclusory terminology utilized by Plaintiff in an effort to plead the same, is unsupported, irrelevant, and improper, and must be stricken from Plaintiff's Complaint pursuant to FRCP 12(f).

## V. CONCLUSION

Based upon the foregoing, moving Defendant, GARFIELD BEACH CVS, L.L.C., respectfully requests the Court grant his Motion to Strike, in its entirety.

Dated: January 31, 2020

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

*/s/ Marissa A. Warren*
DENNIS K. AMES, ESQ.
MARISSA A. WARREN, ESQ.
MERNA R. ABDELMALAK, ESQ.
Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      ]
                         ] ss.
COUNTY OF ORANGE         ]

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

    On January 31, 2020, I served the foregoing document described as **DEFENDANT GARFIELD BEACH CVS, L.L.C.'S NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES IMPROPERLY ASSERTED IN PLAINTIFF'S COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Peter Borenstein, Esq.
P.O. Box 885
Culver City, CA 90232
Phone: (213) 362-8740
Fax: (877) 460-3681
Email: peter@brnstn.org

*Attorneys for Plaintiff, GARY GOLDSMITH*

The documents were served by the following means:

[x]    By United States Mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Santa Ana, California.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

    Executed on January 31, 2020, at Santa Ana, California.

                                          /s/Jenna Koval
                                          JENNA KOVAL

Case no.: 2:20-cv-00750-AB(JCx)