Dennis K. Ames, Esq., State Bar No. 81460
Marissa A. Warren, Esq., State Bar No. 249583
Merna R. Abdelmalak, Esq., State Bar No. 324349
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant, GARFIELD BEACH CVS, L.L.C., erroneously sued and served herein as CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GARY GOLDSMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; DOES 1 through 10,<br><br>Defendants. | CASE NO.: 2:20-CV-00750-AB(JCx)<br>[Removal from Superior Court of California, Los Angeles, Case No.: 19STCV44041]<br><br>District Judge Andre Birotte, Jr.<br>Magistrate Judge Jacqueline Chooljian<br><br>**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MARISSA A. WARREN IN SUPPORT THEREOF**<br><br>**DATE:** March 13, 2020<br>**TIME:** 10:00 a.m.<br>**DEPT:** 7B<br>**JUDGE:** The Hon. André Birotte, Jr.<br><br>ACTION FILED: December 9, 2019 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant, GARFIELD BEACH CVS, L.C.C.C., hereby opposes Plaintiff's Motion to Remand.

///

///

///

- 1 -    Case no.: 2:20-cv-00750-AB(JCx)

**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S OPPOSITION TO MOTION TO REMAND**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On December 9, 2019, Plaintiff, GARY GOLDSMITH, filed his Complaint alleging Violations of the UNRUH Civil Rights Act, Unfair Business Practices (Bus. & Prof Code § 17200, et. seq.), Negligence, Conversion and Vicarious Liability in Superior Court. Each of Plaintiff's causes of action arise out of Plaintiff's allegations that on or around January 11, 2019, Defendant, GARFIELD BEACH CVS, L.L.C. ("CVS") allegedly erroneously confiscated his prescription for MS Contin ER, a narcotic medication, thereby leaving Plaintiff without his narcotic medication for a period of one week until he was able to obtain a new prescription to be filled. *See* Dkt. 1-1.

On December 17, 2019, Plaintiff's counsel served Carole A. Denale, CEO for CVS Pharmacy, Inc., by certified mail to the out-of-state address of One CVS Drive, Woonsocket, RI, 02895 pursuant to Code of Civil Procedure Section 416.10 (b), which allows service a corporation by way of serving the summons and complaint on the president, chief executive officer, or other head of the corporation, and Code of Civil Procedure Section 415.40, service to an out-of-state address, return receipt requested. (See Dkt. 1-4.) Therefore, pursuant to statute, service on the corporation was deemed completed on January 26, 2020. Defendant therefore timely removed this action to Federal Court on the basis of diversity jurisdiction on January 24, 2020, within 30 days of service of the summons and complaint. *See* Warren Decl., and Dkts. 1 and 1-1.

From the time the Complaint was filed in Superior Court on December 9, 2019, up until the time the case was removed to Federal Court on January 24, 2020, Plaintiff's counsel made no attempt to identify the pharmacist he alleges erroneously confiscated his prescription. *See* Warren Decl. ¶ 4. In fact, other than to claim that he intends to seek leave to amend the Complaint in order to add the pharmacist he references in the Complaint as a "doe" defendant, Plaintiff's counsel has made no effort to request the name and information of the alleged pharmacist in question. *Id.* Plaintiff's argument that he intends to amend the Complaint

1  through the course of discovery to add a Defendant who is an agent of the named Defendant
2  herein is insufficient to defeat diversity.
3      Therefore, removal was timely, and there is currently and was at the time of removal,
4  complete diversity of citizenship between the parties and as such, removal was proper.

## II.

## **DEFENDANT PROPERLY REMOVED THIS MATTER WITHIN 30 DAYS OF RECEIPT OF SERVICE OF THE SUMMONS AND COMPLAINT PER CODE**

Plaintiff's argument that Defendant's removal was untimely is inaccurate. Plaintiff served the Summons and Complaint on Defendant pursuant to California Code of Civil Procedure, Sections 416.10 (b) and 415.40.

C.C.P. § 416.10(b) allows for service of a summons on a corporation in the following manner:

> To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Here, on December 17, 2019, Plaintiff served the Summons and Complaint on Carole Denale, Chief Executive Officer for CVS Pharmacy, Inc. at One CVS Drive, Woonsocket, Rhode Island, 02895 by sending the Summons and Complaint via certified mail, return service requested. This location, and Defendant herein, are clearly out of state defendants.

Accordingly, and as indicated on Plaintiff's proof of service (Dkt. 1-4), Plaintiff served Defendant via C.C.P. § 415.40 which states:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. ***Service of a summons by this form of mail is deemed complete on the 10th day after such mailing***. (Emphasis added.)

As such, service was deemed completed on December 27, 2019, the 10th day after mailing the service of the Summons and Complaint to the chief executive officer of Defendant pursuant to C.C.P. §§ 415.40. and 416.10. On January 24, 2020, Defendant

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

removed the case to Federal Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446, within 30 days service of the Complaint.

Therefore, Defendant's removal, as set forth in the Notice of Removal (Dkt. 1) was timely.

## III.

## COMPLETE DIVERISTY EXISTS, THUS THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

This action should not be remanded for lack of subject matter jurisdiction as complete diversity exists between the properly included Defendant, GARFIELD BEACH CVS, L.L.C., and Plaintiff, GARY GOLDSMITH, and based on Plaintiff's claimed damages in excess of $75,000.

Further, under 28 U.S.C. § 1332(a) courts disregard the citizenship of defendants sued under fictitious names (i.e. "doe defendants") for purposes of determining diversity, and joining the pharmacist alleged to have been involved in confiscating Plaintiff's prescription as DOE 1 at this time is unlikely because Defendant has no information as to this event occurring, let alone the ability to identify the pharmacist allegedly involved. *See* Warren Dec. ¶ 5. Further, even if identified at some later date, the pharmacists and/or pharmacy employees who may have been involved in the incident described by Plaintiff are employees and/or agents of CVS acting within the course and scope of their agency, and as such, their joinder is unnecessary. *Id.*

Given the uncertainty of Plaintiff's allegations, the "doe" defendants alleged in the Complaint are presently not identifiable, and the unlikelihood that any of the alleged "doe" defendants will be able to be identified through the course of discovery, Defendant requests the Court follow 28 U.S.C. § 1332 (a) in disregarding the citizenship of defendants sued under fictious names for the purposes of determining diversity in this matter and deny Plaintiff's motion to remand.

///

///

- 4 -	Case no.: 2:20-cv-00750-AB(JCx)
**MEMORANDUM OF POINTS AND AUTHORITIES**

## IV.

## PLAINTIFF'S REQEUEST FOR ATTORENYS' FEES AND COSTS SHOULD BE DENIED

Defendant had a reasonable basis to remove this case to Federal Court based on diversity jurisdiction. Defendant, Garfield Beach CVS, L.L.C. is a citizen of Rhode Island for purposes of determining diversity as set forth in Defendant's Notice of Removal. See *Dkts*. 1, 1-5 and 1-6. As set forth above, pursuant to 28 U.S.C. § 1332(a) courts disregard the citizenship of defendants sued under fictitious names (i.e. "doe defendants") for purposes of determining diversity, and Defendant has been unable to identify any pharmacist or pharmacy employee who was involved in the alleged incident described in Plaintiff's Complaint. *See* Warren Dec. ¶ 5. Plaintiff, Gary Goldsmith, is a citizen of California. See *Dkt*. 1-4. Additionally, Plaintiff's prayer for damages, contained within his Complaint requests $600,000 for pain and suffering, punitive damages and recovery of all compensatory, general and special damages. As such, Plaintiff's claimed damages exceed the $75,000 amount in controversy requirement. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); See also *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); and *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

Therefore, Defendant had a reasonable basis for removing this case to Federal Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) and as such, Plaintiff's request for attorney's fees should be denied.

## V.

## CONCLUSION

Based upon the foregoing, Defendant, GARFIELD BEACH CVS, L.L.C., respectfully requests the Court retain jurisdiction over the present matter and not remand the case to Superior Court. Defendant further requests this Court deny Plaintiff's request for attorney's fees related to the instant motion as Defendant had and maintains a

1  reasonable basis for removing this case to Federal Court.

2  Dated:  February 21, 2020         LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

*/s/ Marissa A. Warren*
DENNIS K. AMES, ESQ.
MARISSA A. WARREN, ESQ.
MERNA R. ABDELMALAK, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C.