UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-00750-AB (JCx) | Date: | April 3, 2020 |
|---|---|---|---|

| Title: | Gary Goldsmith v. CVS Pharmacy, Inc. and Does 1 through 10 |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order DENYING Plaintiff's Motion to Remand

Before the Court is Plaintiff Gary Goldsmith's ("Plaintiff") Motion to Remand, filed on February 13, 2020. ("Motion," Dkt. No. 15). Unnamed Defendant Garfield Beach CVS, L.L.C. ("Garfield Beach") filed an Opposition ("Opp'n," Dkt. No. 17) and Plaintiff filed a Reply ("Reply," Dkt. No. 23). Finding this matter appropriate for resolution without oral argument, pursuant to Federal Rule of Civil Procedure 58 and Local Rule 7-15, the Court vacated the hearing set for March 13, 2020 and took the matter under submission. (Dkt. No. 25). For the following reasons, the Court **DENIES** Plaintiff's Motion and retains jurisdiction over this action.

I. **BACKGROUND**

a. **Factual Background**

The following facts are taken from Plaintiff's Complaint. (Complaint ("Compl."), Dkt. No. 1-3). On January 11, 2019, Plaintiff visited CVS Pharmacy Store #8892 ("the Pharmacy"—located at 822 South Vermont Avenue, Los

Angeles, California, 90044—to fill his prescription of MS Contin ER ("pain medicine"), a controlled substance. (*Id.* ¶¶ 19–22). When Plaintiff arrived at the Pharmacy, he presented his prescription and medical history documentation to Doe Defendant 1 ("Doe 1"), a pharmacist employed at the location. (*Id.* ¶ 23). Doe 1 then called the prescriber of the prescription and verified its authenticity. (*Id.* ¶ 25). Following verification, Doe purportedly refused to fill Plaintiff's prescription and confiscated Plaintiff's prescription document. (*Id.* ¶¶ 25–27).

Plaintiff brings this lawsuit to recover damages for pain and suffering caused by the alleged confiscation of his prescription document, which he claims deprived him from accessing his pain medicine and caused him severe pain. (*Id.* ¶¶ 28–32). Plaintiff asserts the following five claims against Defendant CVS Pharmacy, Inc. and Does 1-10: (1) Violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51, *et seq.*), (2) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*), (3) Negligence, (4) Conversion, and (5) Vicarious Liability. (*Id.* ¶¶ 33–71).

### b. Procedural Background

Plaintiff filed his Complaint on December 9, 2019 in Los Angeles Superior Court. On December 17, 2019, Plaintiff served Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") by certified mail pursuant to California Code of Civil Procedure sections 416.10(b) ("Section 416.10(b)") and 415.40 ("Section 415.40"). (Declaration of Peter Borenstein, Dkt. No. 15-2, ¶ 2).

On January 24, 2019, Garfield Beach—which Plaintiff did not name in its Complaint—removed this action to this Court. ("NOR," Dkt. No. 1). In its Notice of Removal, Garfield Beach asserts that Plaintiff erroneously sued CVS Pharmacy and that Garfield Beach is the proper defendant in this case. (NOR ¶ 3). On February 13, 2020, Plaintiff moved to remand this action back to state court.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a) ("Section 1441"), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332 ("Section 1332"), a district court has diversity jurisdiction, and thus original jurisdiction of a civil action, where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive

of interest and costs,[1] and (2) the dispute is between diverse citizens, namely "citizens of different states." Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2).

Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, . . . federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

## III.   DISCUSSION

Here, Plaintiff advances three arguments for why this case must be remanded: (1) Garfield Beach failed to timely remove this action; (2) Garfield Beach lacked authority to remove this action on behalf of CVS Pharmacy; and (3) Plaintiff has credibly alleged that the Doe defendants are California citizens whose citizenship destroys diversity jurisdiction. The Court addresses each argument, in turn.

### a.  Whether Garfield Beach's removal was timely

28 U.S.C. section 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C.§ (b)(1). Plaintiff incorrectly asserts that Garfield Beach removed this action outside the 30-day window.

Under Federal Rule of Civil Procedure 4(e)(1), an individual within a judicial district of the United States may be served by "following state law," such

---

[1] Here, there is no dispute that the amount in controversy requirement of diversity jurisdiction is met, as both sides agree that damages exceed $75,000. (Compl. at 9 (Plaintiff prays for recovery in the amount of "$600,000"); *see also* NOR ¶ 17).

as the California Code of Civil Procedure, "for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(e)(1). Here, Plaintiff served CVS Pharmacy pursuant to Sections 416.10 and 415.40. Section 416.10(b) allows for service of a summons on a corporation by serving a copy of the summons and complaint to, among others, the "chief executive officer" of the corporation. Cal. Code Civ. Proc. § 416.10(b). Plaintiff selected this method and served CEO of CVS Pharmacy, Inc. Carole A. Denale ("CEO Denale"). (*See* NOR ¶ 3; *see also* Ex. B, Dkt. No. 1-4). Section 415.40 provides that:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. *Service of a summons by this form of mail is deemed complete on the 10th day after such mailing*.

Cal. Code Civ. Proc. § 416.10(b) (emphasis added).

Again, Plaintiff served CEO Denale in Rhode Island by certified mail on December 17, 2019 under Section 416.10. Under Section 415.40, this form of service was deemed complete on December 27, 2019, or 10 days after mailing. Thus, for removal to be timely, Garfield Beach needed to remove within 30 days of December 27, 2019, or by January 26, 2020. Garfield Beach removed on January 24, 2020, two days before the deadline. Accordingly, removal was timely.

### b. Whether unnamed Defendant Garfield Beach CVS, L.L.C. had authority to remove on behalf of named Defendant CVS Pharmacy, Inc.

In his Reply, Plaintiff contends that the Court lacks diversity jurisdiction over his case because Garfield Beach was not entitled to remove this matter as a real party in interest on behalf of the named Defendant CVS Pharmacy. (Reply at 3). Specifically, Plaintiff asserts that Garfield Beach, an unnamed defendant, improperly filed a Notice of Removal on behalf of CVS Pharmacy, merely alleging that CVS Pharmacy has been "erroneously sued" without "any basis" or evidence to do so. (*Id.*).

However, as Plaintiff itself points out, a third-party may file a Notice of Removal on behalf of a named corporate entity upon a showing that "it has

authority to assert itself and respond on behalf of" the corporate entity as the real party defendant in interest. *Gebran v. Wells Fargo Bank, N.A.*, No. CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *3 (C.D. Cal. Dec. 28, 2016). Courts recognize that, "in cases involving a 'real party defendant in interest' or other closely affiliated 'intended defendant' that is mistakenly omitted from the initial complaint . . . the 'real party defendant in interest' may remove to federal court even before it is named as a defendant." *HSBC Bank USA v. Mohanna*, No. 15-cv-02130-WHO, 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015). Here, while Garfield Beach has not yet formally intervened and thus is not a named defendant to the action, it provides evidence in its Notice of Removal that it has authority to respond on behalf of its sole member, CVS Pharmacy, Inc. (*See* Ex. D, Dkt. No. 1-6). Thus, the Court finds that unnamed Defendant Garfield Beach was entitled to remove on behalf of named Defendant CVS Pharmacy.[2]

### c. Whether the presence of Doe Defendants defeats federal diversity jurisdiction

Plaintiff argues that this action is not presently removable given his allegations regarding the Doe Defendants, or defendants sued under fictitious names; especially the pharmacist whom Plaintiff claims confiscated his prescription. Specifically, Plaintiff avers that the Doe defendants "are credibly alleged to be employees of CVS in California and therefore are almost certainly citizens of California." (Dkt. No. 15-1). Defendant objects, asserting that under 28 U.S.C. § 1441, courts must disregard the citizenship of Doe defendants for the purposes of determining diversity of citizenship in the jurisdiction analysis.

In 1988, Congress passed the Judicial Improvements and Access to Justice Act, which addressed "the issue of Doe defendants for purposes of diversity jurisdiction and remand." *Luckett v. Dell, Inc.*, No. CV07–8283–GW (AGRx), 2009 WL 152703, at *4 (C.D. Cal. Jan. 16, 2009).[3] Under the Act, "28 U.S.C. § 1441 was amended to note that: 'For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.'" *Id.*

---

[2] The Court agrees with Plaintiff that the fact that Garfield Beach CVS, L.L.C. is a real party defendant in interest does not affect the presence of CVS Pharmacy, Inc. in this action as a co-defendant at this time. (Reply at 4).

[3] The Court notes that every case Plaintiff cites for the proposition that a complaint with Doe allegations is not removable pre-dates 1988, and thus does not consider the fundamental change implemented by the Judicial Improvements and Access to Justice Act.

Today, 28 U.S.C. section 1441(b)(1) reads: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the *citizenship of defendants sued under fictitious names shall be disregarded*." 28 U.S.C. § 1441(b)(1) (emphasis added). The Ninth Circuit has since held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)).

Here, Plaintiff has not moved to substitute Doe 1, or any Doe for that matter, for a named defendant, and thus, the Court must disregard the citizenship of the Doe Defendants for removal purposes. Currently there is no evidence to dispute that the defendants in this case have established complete diversity for removal. Plaintiff is a citizen of California, while named Defendant CVS Pharmacy, Inc. is a Rhode Island citizen and unnamed Defendant Garfield Beach CVS L.L.C. is also a Rhode Island citizen, because the citizenship of an LLC is the citizenship of its members; and here, the sole member of Garfield Beach CVS, L.L.C. is CVS Pharmacy, Inc., a Rhode Island citizen. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") (*See also* Declaration of Melanie K. Luker, Dkt. No. 1-2 at ¶¶ 3–4; 2016 Secretary of State Statement of Information (Limited Liability Company), Ex. D, Dkt. No. 1-6).

The Court notes, however, that other courts have found that the question of whether Doe defendants may destroy diversity is a "convoluted and unsettled" one. *See, e.g., Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015). At least one court has concluded that this question requires an assessment of whether Plaintiff's "description of Doe [D]efendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, No. 1:15-cv-751-LJO-JLT, 2015 WL 5646648, at *7 (E.D. Cal. Sept. 24, 2015). If the "charges against [Doe Defendants] are so general that no clues exist as to their identity, citizenship, or relation to the action, the Court may disregard these fictitious defendants for jurisdictional purposes." *Id.* But if "Plaintiff's allegations concerning the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *Robinson*, 2015 WL 13236883 at *3 (citing *id.*).

Here, Plaintiff claims that "each fictional defendant," and particularly Doe 1, "is a citizen of California and will destroy complete diversity once identified and joined as parties." (Dkt. No. 15-1 at 2). Plaintiff's Complaint specifically alleges that Doe 1 "a pharmacist employed by Corporate Defendant [at the Los Angeles Pharmacy], scrutinized Plaintiff's prescription, examined his medical records, and contacted his prescriber to confirm the origin and legitimacy of the prescription" and "confiscated Plaintiff's written prescription[.]" (Compl. ¶¶ 6–7). Under *Gardiner*, Plaintiff appears to provide a "reasonable indication" of the pharmacist's identity, his "relationship to the action" as the alleged confiscator of Plaintiff's prescription, and his "diversity-destroying citizenship" based on his alleged employment at a Los Angeles CVS. *Robinson*, 2015 WL 13236883 at *3.[4] But still, the Court finds that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage.

However, even if the Court did not construe 28 U.S.C. § 1441(b)(1) in this way, it nevertheless agrees with Garfield Beach that "even if identified at some later date, the pharmacists and/or pharmacy employees who may have been involved in the incident described by Plaintiff are employees and/or agents of CVS acting within the course and scope of their agency, and as such, their joinder is unnecessary." (Opp'n at 4). In challenging fraudulent joinder, Plaintiff merely responds that there is "no evidence to suggest that the [D]oe defendant allegations were only included to preclude diversity jurisdiction," but does not address Garfield Beach's agency argument on this point. (Reply at 3).

The Ninth Circuit has established that there are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044

---

[4] The Court notes that several of Garfield Beach's arguments regarding Plaintiff's Doe allegations are unavailing. Garfield Beach argues that Plaintiff's Doe allegations cannot defeat diversity (1) "[g]iven the uncertainty of Plaintiff's allegations," (2) the fact that "the [Doe] defendants alleged in the Complaint *are presently not identifiable*," and (3) "the unlikelihood that any of the alleged [Doe] defendants will be able to be identified through the course of discovery." (*Id.*) (emphasis added). The Court agrees only that the Doe Defendants alleged are only *presently not identifiable*, but recognizes that they could soon be. The Court does not find Plaintiff's allegations "uncertain" and sees no reason why the Doe Defendants would not be able to be identified during discovery.

(9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation omitted).

Here, Plaintiff brings its third claim for negligence and fourth claim for conversion only against Doe Defendants specifically, but brings a fifth claim for vicarious liability and specifically alleges that "[u]pon information and belief, Does 1-10 were at all relevant times employees of the Corporate Defendant [CVS Pharmacy] *acting within the normal scope of their employment at CVS Pharmacy #8892 located at 822 South Vermont Avenue, Los Angeles, CA 90044*[.]" (Compl. ¶ 13) (emphasis added). "A corporate employer is liable for torts committed by its employee in the course and scope of the employment." *Jines v. Abarbanel*, 77 Cal.App.3d 702, 715 (1978). Thus, "[a] plaintiff seeking to hold an employer liable for [torts] caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Perez v. City of Huntington Park*, 7 Cal.App.4th 817, 820 (1992). Accordingly, the Court finds that, even if the Doe Defendants are named, their joinder is unnecessary in this action given the nature of Plaintiff's allegations. Thus, the presence of the Doe Defendants here does not defeat diversity jurisdiction.

### a. Attorney's Fees

Plaintiff requests an award of attorney's fees incurred in responding to Defendants' removal. When remanding a case to state court, district courts may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that attorney's fees should only be awarded where "such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. Specifically, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Here, the Court finds Defendant's removal reasonable and proper based on diversity jurisdiction, and accordingly **DENIES** Plaintiff's request for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Remand and **DENIES** Plaintiff's request for attorney's fees. The Court retains jurisdiction over this action.

**IT IS SO ORDERED**.