Dennis K. Ames, Esq., State Bar No. 81460
Marissa A. Warren, Esq., State Bar No. 249583
Merna R. Abdelmalak, Esq., State Bar No. 324349
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served
herein as CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GARY GOLDSMITH,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; DOES 1 through 10,<br><br>Defendants. | CASE NO.: 2:20-cv-00750-AB(JCx)<br>[Removal from Superior Court of California, Los Angeles, Case No.: 19STCV44041]<br><br>District Judge Andre Birotte, Jr.<br>Magistrate Judge Jacqueline Chooljian<br><br>**DEFENDANT'S RULE 26(F) REPORT**<br><br>**Scheduling Conference:**<br>**DATE:      July 10, 2020**<br>**TIME:      10:00 A.M.**<br><br>ACTION FILED:  December 9, 2019 |

Defendant, GARFIELD BEACH CVS, L.L.C. ("Defendant") hereby submit its Rule 26(f) Report.

## PRELIMINARY STATEMENT BY DEFENDANT

Counsel for Defendant made efforts to meet and confer with Plaintiff's counsel regarding the filing of a Joint Report per the Court's order re scheduling conference. Pursuant to a previous telephone conversation with Plaintiff's counsel, counsel for Defendant sent a draft joint report and scheduling worksheet on Wednesday, June 24, 2020.  On June 26, 2020 at 10:10 a.m., Plaintiff's counsel emailed defense counsel and inquired as to whether Defendant would stipulate to continue the scheduling conference. Defense counsel replied on June 26, 2020 at 12:47 p.m. that she did not have authority

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

1  from her client to stipulate to a continuance of the conference, and it was too late to

2  request such a continuance as the joint report was due that day.  Defense counsel attached

3  a revised draft of the joint report and requested Plaintiff's counsel provide his comments

4  and/or revisions so that the report could be filed with the court today, June 26, 2020.

5  After receiving no response, defense counsel called counsel for Plaintiff but was unable

6  to reach him.  Defense counsel left Plaintiff's counsel a voicemail message.  Defense

7  counsel thereafter emailed Plaintiff's counsel again in follow up requesting that he

8  provide his revisions by 4:45 p.m. in order to file the report by 5:00 p.m. on the date it

9  was due, June 26, 2020.  Plaintiff's counsel did not respond by 5:00 p.m., and as such,

10  Defendant submits the instant Rule 26(f) report in compliance with this Court's order

11  setting scheduling conference (*Dkt*. 10).

12      **a.      Statement of the Case:**

13      Plaintiff contends that on January 11, 2019 he presented a prescription for MS

14  Contin ER (an opioid medication) written by his primary care provider to a CVS Pharmacy

15  location operated by Defendant, and that an agent and/or employee of Defendant, Garfield

16  Beach CVS, L.L.C. declined to fill his MS Contin ER and then confiscated his prescription

17  resulting in his claimed injuries and damages.

18      Defendant denies that any of its agents confiscated Plaintiff's prescription and

19  maintains that its agent's denial of the prescription for MS Contin ER on January 11, 2019

20  was reasonable and within the professional judgment of the pharmacist.  Defendant further

21  maintains that there were at least two non-discriminatory bases for the refusal to fill

22  Plaintiff's prescription on January 11, 2019: (1) Plaintiff presented a prescription which

23  was not compliant with new DEA regulations concerning prescriptions for schedule II

24  narcotic medications, including MS Contin ER; and (2) Prior to January 11, 2019, its agents

25  had verified and dispensed MS Contin ER to Plaintiff in November and December 2018,

26  had communications with Plaintiff and his prescribing physician requesting that Plaintiff

27  be seen by pain management in order for the pharmacy to continue refilling his prescription

28  for MS Contin ER under the circumstances, as the pharmacy was not comfortable under

**DEFENDANT'S RULE 26(F) REPORT**

the circumstances dispensing MS Contin ER written by Plaintiff's primary care provider. Therefore, because Plaintiff's prescription on January 19, 2019 was written again by his primary care provider, and because Plaintiff's prescription was likely provided on the outdated prescription pad, the pharmacist used his professional judgment and declined to fill Plaintiff's prescription.

**b**.   **Subject Matter Jurisdiction:**

This Court has diversity jurisdiction over this action because there is complete diversity between the parties and the amount in controversy as alleged exceeds $75,000.

**c.**   **Legal Issues:**

The issues to be litigated in this action include:

1.  Whether Defendant breached the standard of care in refusing to dispense Plaintiff's medication to him on January 11, 2019.

2.  Whether Defendant's refusal to dispense Plaintiff's medication to him on January 11, 2019 caused Plaintiff's claimed injuries and damages.

3.  Whether Plaintiff suffered any injuries and damages as a result of Defendant's refusing to dispense Plaintiff's medication to him on January 11, 2019

4.  Whether Defendant confiscated Plaintiff's prescription on January 11, 2019, and if so, whether Defendant's alleged actions constituted conversion.

5.   Whether Defendant's actions on January 11, 2019 constitute an unfair business practice.

6.  Whether Plaintiff is a member of a protected class for purposes of this lawsuit.

7.  Whether Defendant's actions violated the Unruh Civil Rights Act.

8.  Whether Defendant's actions constituted an unfair business practice.

**d.**   **Parties, Evidence, etc.:**

1.   <u>Parties</u>: Gary Goldsmith, Plaintiff; GARFIELD BEACH CVS, L.L.C., Defendant.

///

///

**DEFENDANT'S RULE 26(F) REPORT**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**e.    Damages:**

Plaintiff contends damages exceed the $75,000 threshold for diversity jurisdiction.

**f.    Insurance:**

Defendant is self-insured in an amount sufficient to cover any claimed losses in this lawsuit.

**g.    Motions:**

Plaintiff has brought a motion for leave to amend to seek punitive damages and an additional cause of action. If Plaintiff's motion is granted, Defendant anticipates filing a motion to dismiss.    Defendant does not anticipate adding any additional parties or attempting to transfer venue. Defendant will file a motion for judgment and motions in limine.

**h.    Dispositive Motion:**

Defendant plans to file a motion for summary judgment.

**i.    Manual for Complex Litigation:**

Not applicable.

**j.    Status of Discovery:**

The parties have engaged in limited formal discovery.  Defendant has subpoenaed medical records from Plaintiff's primary care provider but is not yet in receipt of those records.  Pursuant to Fed.R.Civ.P. 26(f), the parties plan to identify the witnesses likely to have knowledge relevant to this action.  In addition, they will produce to each other copies of all documents upon which they intend to rely.  Defendant will do so after a protective order concerning documents has been entered. Defendant has compiled documents from its systems related to the filling of the medication fill and dispensing at issue in this case, which have not yet been provided to Plaintiff.

Defendant has requested Plaintiff enter into a Stipulation for Protective Order to be submitted to the Court for an Order entering said Stipulation, after which, the Defendant will proceed with exchange of pertinent documents already in its possession. If Plaintiff

Case no.: 2:20-cv-00750-AB(JCx)

**DEFENDANT'S RULE 26(F) REPORT**

does not agree, Defendant will bring a motion before the Magistrate seeking a protective order.

### k.    Defendant's Discovery Plan:

Defendant anticipates serving written discovery and deposing Plaintiff and any additional pertinent witnesses, such as Plaintiff's treating physicians, who are identified by Plaintiff in disclosures and by Plaintiff's medical records.  Defendant also anticipates subpoenaing additional medical records of Plaintiff related to the injuries he has alleged.

### l.    Discovery Cut-Off:

Initial Disclosures –  July 24, 2020

Non-expert Discovery Cut-Off – 2/26/2021

### m.    Expert Discovery:

Initial Expert Disclosure – 1/22/2021

Rebuttal expert Disclosure – 2/19/2021

Expert Discovery Cut-Off – 3/2/2021

### n.    Settlement Conference/Alternative Dispute Resolution ("ADR"):

Defendant requests a settlement conference before the magistrate judge at this time.

### o.    Trial Estimate:

The parties estimate trial will take 7 court days.  Both the Plaintiff and Defendant request a jury trial.  Defendant anticipates calling 3-4 percipient witnesses and 2 to 3 expert witnesses.

### p.    Trial Counsel:

Defendant's Trial Counsel:  Dennis K. Ames, Esq. and Marissa A. Warren, Esq.

Plaintiff's Trial Counsel:  Peter Borenstein, Esq.

### q.    Independent Expert of Master:

Not applicable.

### r.    Schedule Worksheet:

Please see attached.

///

**DEFENDANT'S RULE 26(F) REPORT**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**s.** <u>**Other issues:**</u>

Defendant does not believe there are other issues which require addressing at this time.

Dated:  June 26, 2020          LA FOLLETTE, JOHNSON, DeHAAS, FESLER &
                               AMES

                               */s/ Marissa A. Warren*
                               _____
                               DENNIS K. AMES, ESQ.
                               MARISSA WARREN, ESQ.
                               MERNA R. ABDELMALAK, ESQ.
                               Attorneys for Defendant,
                               GARFIELD BEACH CVS, L.L.C.

Case no.: 2:20-cv-00750-AB(JCx)

**DEFENDANT'S RULE 26(F) REPORT**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA         ]
                                  ]   ss.

COUNTY OF ORANGE           ]

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

On June 26, 2020, I served the foregoing document described as to be **DEFENDANT'S RULE 26(F) REPORT** electronically filed with the United States District Court, Central District of California – Western Division by using the CM/ECF system.

I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Peter Borenstein, Esq.
P.O. Box 885
Culver City, CA 90232
Phone: (213) 362-8740
Fax: (877) 460-3681
Email: peter@brnstn.org

***Attorneys for Plaintiff, GARY GOLDSMITH***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 26, 2020, at Santa Ana, California.

/s/Jenna Koval
JENNA KOVAL

Case no.: 2:20-cv-00750-AB(JCx)