Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
GARY GOLDSMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GOLDSMITH,<br><br>  Plaintiff,<br><br>vs.<br><br>GARFIELD BEACH CVS, LLC;<br>DOES 1 through 10,<br><br>  Defendants. | Case No. 2:20-cv-00750-AB-JC<br><br>**DECLARATION OF PETER BORENSTEIN IN RESPONSE TO ORDER TO SHOW CAUSE RE: WHY SANCTIONS SHOULD NOT BE IMPOSED** |

I, PETER BORENSTEIN, declare:

1. I am the attorney of record for Plaintiff Gary Goldsmith in the above entitled action. I have personal knowledge of the matters set forth in this declaration.

2. Federal Rule of Civil Procedure 26(f)(1) requires the parties to meet and confer regarding a Joint Rule 26(f) Report at least twenty-one days before a scheduling conference. This is a jointly held responsibility of all parties to an action.

3. As of June 19, 2020, our deadline under Rule 26(f)(1), the parties had not met and conferred given that Plaintiff's Motion for Leave to Amend and Add Punitive Damages Claim was still pending.

4. As of June 19, 2020, there was still uncertainty regarding whether Plaintiff's First Amended Complaint would be accepted as filed by the Court, resolution of which would have an impact on the parties' respective positions to be detailed in the Joint Rule 26(f) Report.

5. The deadline to file the parties' Joint Rule 26(f) Report was on June 26, 2020, which was also the date for the hearing on Plaintiff's Motion for Leave to Amend and Add Claim for Punitive Damages.

6. After the hearing on June 26 where the parties learned that the Court would treat the First Amended Complaint as filed on May 26, 2020, I requested that Defendant Garfield Beach CVS, LLC stipulate to continue the scheduling conference on July 10, 2020 given that we had already missed the deadline to meet and confer pursuant to Rule 26(f)(1) and to allow the parties sufficient time to discuss their respective discovery plans and scheduling issues as they related to the First Amended Complaint.

7. Upon receiving my request, counsel for Defendant, Marissa Ann Warren, refused to stipulate to a continuance.

8. This is not the first time that Ms. Warren has been unreasonable regarding a continuance: She similarly would not stipulate to continue the hearing for Defendant's motion to dismiss on March 20, despite being aware of a scheduling conflict I had on that date. I ultimately was required to file an *ex parte* motion to continue the hearing to April 17, which the Court granted on February 28.

9. After refusing to stipulate to a continuance, Ms. Warren emailed me a draft Joint Rule 26(f) Report that she had prepared on her own and demanded that I review it for filing before close of business.

10. I was unable to immediately respond to Ms. Warren's email or review her draft report due to other obligations that kept me out of my office and away from my computer.

11. Nevertheless, Ms. Warren did not wait for my response and subsequently filed a Joint Rule 26(f) Report without my input or signature.

12. Even after Ms. Warren needlessly rushed to file Defendant's Rule 26(f) Report, thereby misrepresenting to the Court that I may have refused to meet and confer pursuant to Rule 26(f)(1), I was still willing to jointly draft another Rule 26(f) Report to correct her mistake.

13. On June 29, 2020, I invited Ms. Warren to begin jointly drafting another Joint Rule 26(f) Report, though we quickly became embroiled in a disagreement regarding the document's formatting.

14. Given this new impasse and the unfair position that my client and I were placed in by Ms. Warren, I resolved to file Plaintiff's own Rule 26(f) Report to at least advise the Court of my scheduling conflicts in 2021.

15. Upon consideration of the procedural issues related to the First Amended Complaint, the parties' inability to meet and confer pursuant to Rule 26(f)(1) before June 19, 2020, and Ms. Warren's gamesmanship in filing a Joint Rule 26(f) Report without meeting and conferring with me first, I believe the Court will conclude that sanctions are not justified and should not be imposed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 15th day of July 2020, at Los Angeles, California

By: 

Peter Borenstein

DECLARATION OF PETER BORENSTEIN IN RESPONSE TO OSC RE: WHY SANCTIONS SHOULD NOT BE IMPOSED – GOLDSMITH V. GARFIELD BEACH CVS, LLC, ET AL.