Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
GARY GOLDSMITH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GOLDSMITH,<br><br>             Plaintiff,<br><br>vs.<br><br>GARFIELD BEACH CVS, LLC; DOES 1 through 10,<br><br>             Defendants. | Case No. 2:20-cv-00750-AB-JC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1) VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, ET SEQ.)**<br>**2) VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE § 51, ET SEQ.)**<br>**3) CONVERSION**<br>**4) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200, ET SEQ.)**<br>**5) PROFESSIONAL NEGLIGENCE**<br>**6) VICARIOUS LIABILITY**<br>Courtroom:    7B<br>Judge:            The Hon. André Birotte, Jr. |

Gary Goldsmith ("Plaintiff") alleges for his complaint as follows:

## INTRODUCTION

1. As many as eighteen million patients rely on prescription opiates for treating chronic pain that is intractable but not necessarily associated with a terminal illness. These patients are sometimes referred to as "legacy patients." Because they have suffered chronic pain for years,

they are prescribed pain medications approved for such use by the United States Food And Drug Administration (FDA) by a duly licensed practitioner.

2. Plaintiff is a United States armed services veteran and a legacy patient suffering with chronic and intractable pain associated with a defective hip implant. His mobility is severely limited and he walks with the assistance of a cane. He also suffers with cardiomyopathy, type-1 diabetes, and the human immunodeficiency virus (HIV).

3. Due to these serious medical conditions, Plaintiff is not a candidate for the surgery that would relieve him of the acute pain in his hip.

4. As a result of this intractable pain, he is prescribed an extended release opioid agonist, approved for the management of pain severe enough to require daily, around-the-clock, long term treatment for which alternative treatment options are inadequate.

5. He has safely taken such medication for years, and as a legacy patient, Plaintiff faces substantial medical risks associated with dose reductions.

6. On or around January 11, 2019, Plaintiff obtained a valid prescription for MS Contin ER, a powerful pain medication, from his prescriber, a duly licensed practitioner authorized to prescribe controlled substances in accordance with patient-specific protocol. Plaintiff promptly brought the written prescription to CVS Pharmacy #8892, which is managed and operated by Defendant Garfield Beach CVS, LLC ("Entity Defendant" or "Garfield Beach") to have it filled.

7. Upon information and belief, Doe Defendant 1, a pharmacist or pharmacist technician employed by Entity Defendant, scrutinized Plaintiff's prescription, examined his medical records, and contacted his prescriber to confirm the origin and legitimacy of the prescription.

8. After confirming that Plaintiff's prescription was neither forged, altered, or counterfeited, Doe Defendant 1 nevertheless confiscated Plaintiff's written prescription. Plaintiff demanded the return of his personal property, to which Doe Defendant 1 refused.

9. Humiliated, anxious, and frightened about the medical consequences associated with the onset of his chronic pain, Plaintiff left the pharmacy without his prescription.

10. Plaintiff was not able to obtain another prescription for almost one week, causing him to suffer increasingly intense pain and symptoms of opioid withdrawal. Defendants placed Plaintiff at substantial risk of serious bodily injury and death in conscious disregard of his myriad health conditions.

11. Now, Plaintiff seeks to recover damages from Defendants for the harm that was caused by their unreasonable, unnecessary, and illegal confiscation of his personal property, causing him extreme withdrawal effects and prohibiting him from obtaining pain medication necessary to maintain his quality of life.

## THE PARTIES

12. Plaintiff Gary Goldsmith is, and has been at all relevant times, a resident of the County of Los Angeles, State of California.

13. Defendant Garfield Beach CVS, LLC is a limited liability company incorporated in the State of California.

14. Defendant Does 1-10 are unknown individuals whom Plaintiff now sues pursuant to California Code of Civil Procedure section 474. Upon information and belief, Does 1-10 were at all relevant times employees of the Corporate Defendant acting within the normal scope of their employment at CVS Pharmacy #8892 located at 5822 South Vermont Avenue, Los Angeles, CA 90044 ("the CVS Pharmacy").

## JURISDICTION AND VENUE

15. This Court has jurisdiction over all causes of action asserted herein because all causes of action arise out of conduct undertaken by Defendants in the County of Los Angeles, State of California.

16. Venue is proper in this Court pursuant to Code of Civil Procedure section 395 and 395.5 because the injury to Plaintiff occurred in the County of Los Angeles, State of California, and liabilities to which Defendants are subject arise in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

17. Garfield Beach owns, maintains, and operates the CVS Pharmacy, and employs pharmacists, pharmacist technicians, salespeople, cashiers, and other staff at that location, including Doe Defendants.

18. On January 11, 2019, Plaintiff was prescribed MS Contin ER by Justin Allen, F.N.P. (LIC # 95004179, DEA # MA396458, NPI # 1760772321), who practices under the supervision of Dr. Brian Downs, D.O., at St. John's Well Child & Family Center.

FIRST AMENDED COMPLAINT – GOLDSMITH V. GARFIELD BEACH CVS, LLC, ET AL.

3

19. MS Contin ER is an extended release opioid agonist approved by the FDA for the management of pain severe enough to require daily, around-the-clock, long-term treatment for which alternative treatment options are inadequate.

20. Since 2004, Plaintiff has been regularly prescribed MS Contin ER, among other medications, to help manage chronic and intractable pain associated with a defective hip plant.

21. Because of Plaintiff's heart disease, his hip condition cannot be treated with surgery. Therefore, he suffers from chronic pain that he can only managed with MS Contin ER.

22. Prior to January 11, 2019, Plaintiff had previously been falsely accused of being addicted to pain medication by one of Garfield Beach's employees.

23. Nevertheless, on January 11, 2019, Plaintiff went to the CVS Pharmacy to have his prescription for MS Contin ER filled.

24. When he arrived, Plaintiff presented his prescription and documents evidencing his medical history to Doe Defendant 1, a pharmacist employed by Garfield Beach

25. The documentary evidence that Plaintiff presented to Doe Defendant 1 was sufficient to satisfy California Health and Safety Code § 11156[1] and assuage any doubts regarding the propriety of his prescription and/or the fact that he is not an "addict."

26. After being presented with Plaintiff's prescription, Doe Defendant 1 placed a telephone call to the prescriber and verified its origin and legitimacy in Plaintiff's presence.

27. Despite this verification, Defendant refused to fill Plaintiff's prescription.

28. In addition to refusing to fill Plaintiff's valid prescription for badly needed pain medication, Doe Defendant 1 also confiscated the written prescription, thereby preventing Plaintiff from filling it elsewhere.

29. After having his prescription wrongfully confiscated by Doe Defendant 1 without any justification, Plaintiff suffered severe pain associated with his underlying hip condition, as well as several agonizing days of opioid withdrawal with symptoms of diarrhea, acute anxiety, severe muscle aches, abdominal cramping, and nausea.

30. During this time Plaintiff could barely walk. Meanwhile, the anxiety and agitation induced by the withdrawal gave Plaintiff reason to believe that he was at risk of suffering from cardiac arrest.

---

[1] California Health and Safety Code section 11156 provides that "[a] person whose drug-seeking behavior is primarily due to the inadequate control of pain is not an addict."

31. On January 17, 2019, after suffering for six days and nights through the above-described pain and symptoms of opioid withdrawal, Plaintiff was once again able to see his doctor and obtain a new prescription for MS Contin ER.

32. Plaintiff promptly went to a different pharmacy and was able to fill his prescription for pain medication without incident.

33. Now, Plaintiff seeks to recover damages from Defendants for causing him serious pain and suffering as a result of an unreasonable confiscation of a lawfully obtained prescription for pain medication on the basis of the incorrect and discriminatory assumption that he was a "drug addict."

## FIRST CAUSE OF ACTION

**(Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. - Garfield Beach CVS, LLC)**

34. Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 33, inclusive.

35. Congress enacted the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("the ADA"), upon a finding that "society has tended to isolate and segregate individuals with disabilities" and that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion" and "the discriminatory effects of… overprotective rules and policies," among other forms of discrimination. 42 U.S.C. § 12101(a) (2), (5).

36. The legislative intent of the ADA is to "assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals" living with a disability. 42 U.S.C. § 12101(a) (7).

37. The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1). The definition "shall be construed in favor of broad coverage of individuals. . . ." 42 U.S.C. § 12102(4)(A).

38. At all times relevant to this action, Plaintiff is an individual with several disabilities within the meaning of the ADA. In addition to his limited physical mobility, Plaintiff is impaired by drug dependency that substantially limits major life activities, including the "major bodily functions" of the central nervous system. 42 U.S.C. § 12102 (2)(B), *see Buckley v. Consol.*

*Edison Co.*, 155 F.3d 150, 154 (2d Cir. 1998) (in banc) (drug addiction may be considered to have a "disability" under the ADA). The ADA's legislative history also supports this conclusion. *See* H.R. Rep. No. 101-485(II), at 51 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303, 333 (noting that "physical or mental impairment" includes "drug addiction and alcoholism")

39. Because Plaintiff has safely taken prescription pain medication for years, he has developed a physiological dependency that impairs his major bodily functions and limits major life activities such as working, thinking, and concentrating. Plaintiff also faces substantial medical risks associated with rapid dose reductions.

40. The ADA prohibits discrimination by a private entity "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

41. Garfield Beach is a "private entity" as defined by 42 U.S.C. § 12181(6) and operates CVS Pharmacy #8892, a "public accommodation" pursuant to 42 U.S.C. § 12181(7)(F)

42. The ADA prohibits discrimination on the basis of a disability, including the utilization of "methods of administration" that "have the effect of discriminating on the basis of disability." 42 U.S.C. § 12182(b)(1)(D).

43. Upon information and belief, Garfield Beach maintains a "method of administration" for complying with regulations of the dispensing of controlled substances, including high potency opiate medication.

44. Garfield Beach's method of administration allows its employees, at least one of whom is a licensed pharmacist, to confiscate a valid prescription where the employee determines that the customer may be engaging in illegal drug use.

45. While the ADA does not protect an individual who is currently engaging in illegal drug use, it does protect an individual who has been "erroneously regarded as engaging [in the illegal use of drugs], but is not engaging in such use." 42 U.S.C. § 12210(b)(3). "The term illegal use of drugs does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substances Act or other provisions of Federal law." 28 C.F.R. § 35.104. *See also* Cal. Health & Saf. Code § 11156(b)(2) ("[A] person whose drug-seeking behavior is primarily due to the inadequate control of pain is not an addict. . . .")

46. Meanwhile, even in the absence of a valid prescription document, a patient may still obtain medication in an emergency situation where the pharmacist determines that "failure to issue a prescription may result in loss of life or intense suffering." Cal. Health & Saf. Code § 11167; *see also* 21 C.F.R. § 290.10 (A pharmacist may dispense a controlled substance in an "emergency situation" when "it is not reasonably possible for the prescribing practitioner to provide a written prescription.")

47. Garfield Beach's method of administration in providing health services failed to distinguish an individual whose use was legitimate from one whose use was illegal. This had the effect of discriminating against Plaintiff on the basis that he suffers from chronic pain by incorrectly assuming that he was an addict engaged in illegal drug use.

48. Plaintiff was not engaging in illegal use of prescription medication. His drug-seeking behavior consisted of seeking prescription medication for the control of his chronic pain, which is his right under California's Pain Patient's Bill of Rights. *See* Cal. Bus. & Prof. Code § 124961(a) (A "patient who suffers from severe chronic intractable pain has the option to request or reject the use of any or all modalities in order to relieve his or her pain.")

49. Garfield Beach violated Title III of the ADA when Doe Defendant 1, one of its employees believed to be a licensed pharmacist, refused to dispense Plaintiff's medication and confiscated his prescription pursuant to Garfield Beach's method of administration, thereby denying Plaintiff the opportunity to benefit from the "goods, services, facilities, privileges, advantages, or accommodations" of a pharmacy. 42 U.S.C. § 12182(a).

50. Therefore, Plaintiff now seeks an injunction against Garfield beach and its employees to prevent any further discrimination against pain patients who seek health care services and have presented a valid prescription for pain medication.

51. Plaintiff also seeks to recover attorney's fees pursuant to 42 U.S.C. § 2000a-3 for Garfield Beach's violation of the ADA.

## SECOND CAUSE OF ACTION

**(Violation of the Unruh Civil Rights Act – Against All Defendants)**

52. Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 51, inclusive.

FIRST AMENDED COMPLAINT – GOLDSMITH V. GARFIELD BEACH CVS, LLC, ET AL.

7

53. At all relevant times, Plaintiff was within the jurisdiction of the State of California and as such enjoyed the protection of the Unruh Civil Rights Act, California Civil Code § 51, et seq. ("Unruh Act").

54. Civil Code section 51(b) provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability, . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

55. Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of the Unruh Act.

56. Garfield Beach owns, operates, and manages a business establishment within the meaning of the Unruh Civil Rights Act. *See* Cal. Civil Code § 51(b).

57. Garfield Beach, through its employees, at least one of whom was a licensed pharmacist, refused to provide Plaintiff with the full and equal access to and enjoyment of the benefits of their goods, services, facilities, benefits, advantages, and accommodations, and did so by reason of discriminating against Plaintiff on the basis of his suffering from chronic pain, the management of which requires being prescribed and provided powerful pain medication.

58. By failing to operate their facilities and services in full compliance with the requirements of the ADA as set forth above, Defendants also discriminated against a person with disabilities in violation of the Unruh Act.

59. As a result of their violation of the Unruh Civil Rights Act, Defendants put Plaintiff's life in jeopardy and caused Plaintiff intense pain and suffering.

60. Defendants' unreasonable denial and subsequent confiscation of Plaintiff's valid prescription was motivated by the incorrect and baseless assumption that Plaintiff is addicted to pain medication and engaging in illegal drug use.

61. Therefore, Plaintiff now seeks actual damages for the harm he suffered, imposition of a civil penalty of $25,000 pursuant to California Civil Code section 52(a)(2), and attorney's fees pursuant to California Civil Code section 52(a)(3).

## THIRD CAUSE OF ACTION
### (Conversion – Against Doe Defendants 1 - 10)

62. Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 61, inclusive.

63. Upon information and belief, Doe Defendants were at all relevant times employees of the Entity Defendant and acting within the scope of their employment.

64. At all times mentioned herein, Plaintiff was entitled to possession of the following personal property: The written prescription order form for MS Contin ER prepared by Justin Allen, F.N.P., LIC # 95004179, DEA # MA396458, NPI# 1760772321, who practices under the supervision of Dr. Brian Downs, D.O., at St. John's Well Child & Family Center.

65. On or about January 11, 2019, Doe Defendants intentionally interfered with Plaintiff's above-mentioned property by taking possession of it, preventing Plaintiff from having access to it, and refusing to return it after Plaintiff demanded its return.

66. Plaintiff did not consent to Defendants' actions.

67. As a direct result of Defendants' actions, Plaintiff suffered harm through the manifestation of chronic pain for which the medication was intended, as well as other serious medical consequences.

68. Defendants' wrongful taking of the prescription caused this harm to Plaintiff.

69. Therefore, Plaintiff now seeks to recover damages for the harm he suffered as a result of Defendants' conversion of his property.

## FOURTH CAUSE OF ACTION

**(Unfair Business Practices – Against All Defendants)**

70. Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 69, inclusive.

71. California Business and Professions Code section 17200, et seq. ("The UCL") prohibits "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200.

72. An "unlawful" business practice under the UCL is "anything that can properly be called a business practice and that at the same time is forbidden by law." *People v. Persolve, LLC*, 218 Cal.App.4th 1267, 1273 (2013) (quoting *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972).

73. "The 'unlawful' practices prohibited by [the UCL] are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1120 (C.D. Cal 2001).

74. Garfield Beach, by and through its employees, at least one of which was a licensed pharmacist, violated the ADA, Unruh Act, and Plaintiff's property rights when Doe Defendant 1, acting within his regular scope of employment and pursuant to a discriminatory method of administration, refused to fill his valid prescription and subsequently confiscated it, thereby making their practice unlawful.

75. An "unfair" business practice violates the UCL when it "either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (citations and internal quotation marks omitted). In other words, the business practice "must be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition" to be considered unfair. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 166 (1999).

76. In addition to the violations of the ADA and the Unruh Act, both of which clearly enunciate a public policy in favor of protecting people with disabilities from discrimination, Defendants' conduct also violated the Pain Patient Bill of Rights, which provides that "a patient who suffers from severe chronic intractable pain has the option to request or reject the use of any or all modalities in order to relieve his or her pain." Cal. Bus. & Prof. Code § 124961.

77. The confiscation of the prescription document was anticompetitive because it prohibited Plaintiff from going to another pharmacy and seek the care of another pharmacist who would fill his valid prescription without incident.

78. Even if Plaintiff had not presented a valid prescription for pain medication, any reasonable pharmacist would have recognized the emergency situation Plaintiff was experiencing and filled his valid prescription pursuant to emergency rules designed to prevent loss of life and "intense suffering." Cal. Health & Saf. Code § 11167; *see also* 21 C.F.R. § 290.10.

79. Meanwhile, in refusing to fill Plaintiff's prescription and subsequently confiscating it, Defendants' engaged in an unfair and anticompetitive business practice by preventing Plaintiff from filling his valid prescription at another pharmacy. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, *supra*, 20 Cal.4th at 180.

80. Now, Plaintiff seeks to impose a civil penalty against Defendants for their unfair business practices pursuant to California Business and Professions Code § 17206, in addition to any other damagers recoverable for harm that Plaintiff suffered as a result.

## FIFTH CAUSE OF ACTION

### (Professional Negligence – Against Doe Defendants 1 - 10)

81. Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 80, inclusive.

82. Upon information and belief, Doe Defendants are either licensed pharmacists or pharmacy technicians pursuant to California Business & Professions Code § 4110, et seq.

83. On January 11, 2019, Plaintiff sought pharmaceutical care, medical care and treatment from Doe Defendants. As such, Doe Defendants should have undertaken to treat Plaintiff's medical condition and to provide Plaintiff with proper and professional pharmaceutical care.

84. Instead, Doe Defendants acted negligently by refusing to fill Plaintiff's validly issued prescription and confiscating his prescription form, thereby causing him intense suffering.

85. By refusing to fill Plaintiff's valid prescription and subsequently confiscating it, Doe Defendants negligently failed to exercise the proper degree of knowledge and skill in treating, supervising, evaluating, and caring for Plaintiff.

86. As a direct and proximate result of the aforementioned negligence, Plaintiff sustained serious injuries associated with acute opioid withdrawal syndrome, including dysphoria, insomnia, muscle spasms, nausea, fever, profuse sweating, vomiting and diarrhea over a period of six days.

87. As a direct and proximate cause of Doe Defendants' negligence, Plaintiff was injured in his health, strength, and activity, sustaining severe injury to his body, all of which caused him great physical pain and suffering.

88. As a further proximate result of Doe Defendants' negligence, Plaintiff was forced to seek additional medical treatment, incurring medical and incidental expenses.

89. Now, Plaintiff seeks to recover actual and compensatory damages for the pain and suffering he experienced as a result of Doe Defendants' professional negligence.

## SIXTH CAUSE OF ACTION

### (Vicarious Liability – Against Defendant Garfield Beach CVS, LLC)

90. Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 89, inclusive.

91. At all relevant times, Doe Defendants were employed by Entity Defendant and acting within their scope of employment.

92. On January 11, 2019, Doe Defendants encountered Plaintiff, refused to fill his prescription, and confiscated his prescription form.

93. As of January 11, 2019, Doe Defendants were professionally negligent.

94. The harm that Plaintiff suffered as a result of Doe Defendants' professional negligence acting within their regular scope of employment is directly traceable to Entity Defendant.

95. As such, Plaintiff seeks to hold Entity Defendant vicariously liable for the wholly unnecessary pain and suffering caused by the professional negligence of its employees.

WHEREFORE, Plaintiff prays for judgment as follows:

**ON ALL CAUSES OF ACTION**

1. For recovery of $250,000 for the life-threatening pain and suffering Plaintiff endured over six days after his prescription was wrongfully confiscated by Doe Defendants.

2. For recovery of all other compensatory, general, special, and consequential damages against Defendants according to proof.

3. For imposition of a civil penalty of $25,000 against Garfield Beach pursuant to California Civil Code § 52(a)(2).

4. For reasonable costs and attorney's fees pursuant to California Civil Code § 52(a)(3) and 42 U.S.C. § 2000a-3.

5. For an injunction against Garfield Beach to prevent any further discrimination against pain patients by their employees and pharmacists.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated:  7/27/20                                         By:_____

PETER BORENSTEIN

Attorney for Plaintiff

GARY GOLDSMITH

FIRST AMENDED COMPLAINT – GOLDSMITH V. GARFIELD BEACH CVS, LLC, ET AL.

12