Dennis K. Ames, Esq., State Bar No. 81460
Marissa A. Warren, Esq., State Bar No. 249583
Merna R. Abdelmalak, Esq., State Bar No. 324349
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served herein as CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GARY GOLDSMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; DOES 1 through 10,<br><br>    Defendants. | CASE NO.: 2:20-cv-00750-AB(JCx)<br>[Removal from Superior Court of California, Los Angeles, Case No.: 19STCV44041]<br><br>District Judge Andre Birotte, Jr.<br>Magistrate Judge Jacqueline Chooljian<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**Date:** February 23, 2021<br>**Time:** 9:30 a.m.<br>**Courtroom:** 750<br>**Magistrate:** Hon. Jacqueline Chooljian<br><br>TRIAL: September 28, 2021<br>ACTION FILED: December 9, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    Defendant, GARFIELD BEACH CVS, L.L.C., hereby opposes Plaintiff's Motion to Compel Discovery.

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant, GARFIELD BEACH CVS, L.L.C., ("hereinafter "CVS" or "Defendant"), submits this Opposition to Plaintiff, Gary Goldsmith, Notice of Motion to Compel CVS to produce documents. Plaintiff's motion should be denied for, among other reasons, his failure to comply with the Local Rules and failure to consider CVS supplemental responses served on December 21, 2020.

Plaintiff's motion to compel concerns two alleged discovery "disputes" arising from RFP Set Three. Plaintiff requested photographs to identify certain CVS employees and their personnel files including their employment dates, employment history, background, disciplinary records, customer complaints, employee performance reviews, and their qualifications. On December 3, 2020, Counsels for CVS and Plaintiff conducted a telephone conference where Counsels for CVS informed Plaintiff that they would provide supplemental responses and produce policies and procedures, and job descriptions once a stipulated protected order is entered. (See Declaration of Marissa Warren, "Warren Decl."). Further, Counsel for CVS informed Plaintiff that they would stand on their objections regarding the photographs and the personnel files, but would consider a resolution that did not require it to produce documents which by definition would be protected by attorney work-product doctrine and which would be narrowly tailored to the individuals who may have interacted with Plaintiff. *Id*. On December 21, 2020, CVS supplemented its response to Plaintiff's RFP, Set Three. Although CVS interposed valid objections, it nevertheless made clear that without waiving those objections, it would agree to produce photographs of its agents/employees as requested, if they were available. However, CVS did not supplement its response regarding the personnel files as it stood by its objections and Plaintiff never provided CVS with his position supported by any legal authority. Rather than fully discussing the issues and possibility of compromise with CVS and attempting to resolve his concerns without involving the Court, Plaintiff thereafter served via email his proposed stipulation regarding this discovery dispute,

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

without the required legal authority, exhibits or declaration. Then, without further communication and without providing the legal authority for his position, Plaintiff filed the notice of motion. Plaintiff and his counsel should be sanctioned for their intentional violation of the Local Rules and waste of judicial and party resources for bringing this frivolous Motion. CVS respectfully requests that the Court deny Plaintiff's Motion and impose monetary sanctions against Plaintiff and his counsel.

## II. ARGUMENT

### A. Plaintiff's Motion Should Be Denied Because It Failed To Comply With The Requirements Of Local Rule 37.

Local Rule 37-1 requires that counsel for the parties confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. Local Rule 37-1 further requires that the moving party serve a letter (1) identifying each issue and discovery request in dispute; (2) for each issue and discovery request in dispute, stating the moving party's position and legal authority; and (3) specifying the relief sought. When a party fails to comply with these requirements, Courts routinely deny discovery motions without considering the merits. See, e.g., *Gordium Innovations, LLC v. Zyxel Comm. Inc.,* 2013 WL 12153506, at *2 (C.D. Cal. Dec. 9, 2013) (denying motion to compel for moving party's failure to identify each issue in dispute and legal authority in support of the issues); *Kevin So v. Land Base, LLC*, 2010 WL 11515456, at *2 (C.D. Cal. June 9, 2010) (a mere assertion that discovery responses are "obviously" insufficient does not comport with the letter or spirit of Local Rule 37–1 and failure to identify any specific discovery request or issue does not give the responding party enough information to prepare for or conduct a meaningful conference of counsel).

None of Plaintiff's emails satisfied this threshold requirement. This Court should deny Plaintiff's motion to compel on that basis alone. Plaintiff's counsel does not even contend in his notice that he complied with Local Rule 37-1. Plaintiff never served a meet-and-confer letter identifying the specific discovery in dispute, stating Plaintiff's position and ***legal authority***, specifying the relief sought, and meeting and conferring with CVS

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

- 2 -   Case no.: 2:20-cv-00750-AB(JCx)
**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

counsel prior to or after Defendant agreed to supplement its responses. Warren Decl. Plaintiff's counsel not only failed to confer with CVS counsel to eliminate or narrow the issues in the Motion, Plaintiff's counsel also failed to provide a pre-Motion letter that identified what Plaintiff believed was missing from the production and the legal authority supporting Plaintiff's position, as required under Local Rule 37.

Plaintiff's numerous demands in the emails, even if loosely construed as "positions" consistently failed to "provide any legal authority which [he] believes is dispositive of the dispute." L.R. 37-1. CVS' counsel informed Plaintiff's counsel during a meet and confer telephone call, initiated at the request of CVS counsel, that they would inquire about the possibility of producing photographs of certain CVS employees, if available. See Warren Decl. CVS then supplemented its responses and reiterated its position of producing such photographs. Copies of some of the requested photographs were recently obtained and appear to be responsive. However, instead of allowing Defendant time to further supplement its response and attempting to further meet and confer in good faith with CVS regarding the status of the photograph, or to provide legal authority for his position into the inquiry of the personnel files, Plaintiff sent an incomplete, noncompliance with Local Rules, draft of a Joint Stipulation. Plaintiff's draft of the Joint Stipulation contained no and legal authority, declaration or exhibits to support his position. Plaintiff has failed to share or provide CVS with one legal citation supporting his belief that he is entitled to the personnel records of CVS employees who may or may not have interacted with him on the date in question. (See Dkt 61-1, 61-2). Following this, much to CVS' surprise, Plaintiff filed the instant Motion without making any attempt to meet and confer to eliminate or reduce the issues. Plaintiff's Motion could have been avoided altogether had Plaintiff's counsel served a compliant Local Rule 37-1 letter and conducted a good faith meet and confer. Simply, Plaintiff failed to cite any authority supporting his demand that personnel files of CVS employees who were working on the date of the incident and *may* have interacted with Plaintiff on that date is relevant and discoverable and does not violate third party privacy rights of individuals who are not defendants in this litigation. Thus, the Court

should deny Plaintiff's Motion in its entirety and require that Plaintiff abide by the Local Rules prior to filing a motion to the extent any issues remain.

### B. The Court Should Deny Plaintiff's Request For Sanctions And Impose Monetary Sanctions Against Plaintiff And His Counsel

#### 1. Plaintiff Failed To Make A Good Faith Effort To Resolve The Dispute And CVS' Position Was Substantially Justified

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that the Court must not order payment of expenses if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the opposing party's position was substantially justified; or (3) other circumstances make award of expenses unjust. See *Darling v. Green*, 2013 WL 12142946, at *2–3 (C.D. Cal. Mar. 15, 2013).

Plaintiff argues that the CVS should pay to Plaintiff monetary sanctions for his time in bringing this Motion. However, it is Plaintiff's failures to comply with the Local Rules that led to this frivolous Motion and a waste of judicial and party resources. For example, Plaintiff failed to comply with the straightforward Local Rule 37-1 letter and meet-and-confer requirements before filing this Motion. (See Warren Decl.) Plaintiff's failure to comply with counsel's request for a good faith meet and confer as required under the Local Rules was the cause of this unwarranted motion due to the fact that had Plaintiff met and conferred, he would have understood that CVS was in the process of locating photographs of certain CVS employees to produce and further supplement its responses. Had counsel met and conferred with CVS in good faith, CVS could have pointed out that they were still investigating the request in order to supplement its responses.  Further, with respect to the personnel files of various CVS employees/agents, Plaintiff failed to cite to any legal authority that made private personnel records of third-parties to a litigation who were not specifically identified as having been a part of the encounter at issue in this action, discoverable. Indeed, CVS' position was substantially justified, and Plaintiff should not be awarded monetary sanctions after failing to make a good faith effort to resolve the dispute. Therefore, Rule 37(a)(5)(A) precludes the award of fees in favor of Plaintiff.

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

- 4 -   Case no.: 2:20-cv-00750-AB(JCx)
**DEFENDANT GARFIELD BEACH CVS, L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## 2. The Court Should Impose Monetary Sanctions Against Plaintiff And His Counsel For Failing To Comply With Local Rule 37-1, For Bringing This Unnecessary Motion, And For Wasting Judicial And Party Resources

Rule 37 also provides that, where "the motion is denied," the moving party or its counsel must pay the opposing party's "reasonable expenses incurred in opposing the motion, including attorney's fees," except that no such payment may be ordered "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In addition, Local Rule 37-4 provides that failure by counsel to comply with or cooperate in the meet and confer procedures required by Local Rule 37 "may result in the imposition of sanctions." A court may also impose sanctions under its inherent powers. See *Fed. R. Civ. P.* 37; *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008); *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983).

Plaintiff failed to comply with Local Rule 37-1, without justification. Had Plaintiff's counsel provided correspondence identifying the document requests still in dispute following Defendant's supplemental responses, and the legal authority supporting his position, and requested the required telephonic conference with CVS counsel to meet and confer, Plaintiff's Motion could have been avoided entirely. Instead, Plaintiff failed skipped multiple steps, and instead served CVS with an incomplete joint stipulation that did not include ANY legal authority, declaration or exhibits. See Warren Decl.

Consequently, CVS was forced to oppose Plaintiff's unnecessary Motion and has incurred attorneys' fees and other costs related to this opposition. See Warren Decl.

///
///
///
///
///

## III. CONCLUSION

Garfield Beach CVS L.L.C. respectfully requests that this Court deny Plaintiff's Motion, and for this Court impose monetary sanctions in the amount of $1,170.

Dated: February 2, 2021

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

*/s/ Marissa A. Warren*
DENNIS K. AMES, ESQ.
MARISSA A. WARREN, ESQ.
MERNA R. ABDELMALAK, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ]
] ss.
COUNTY OF ORANGE ]

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

On February 2, 2021, I served the foregoing document described as **DEFENDANT GARFIELD BEACH CVS, L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** to be electronically filed with the United States District Court, Central District of California – Western Division by using the CM/ECF system.

I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Peter Borenstein, Esq.
P.O. Box 885
Culver City, CA 90232
Phone: (213) 362-8740
Fax: (877) 460-3681
Email: peter@brnstn.org

*Attorneys for Plaintiff, GARY GOLDSMITH*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 2, 2021, at Santa Ana, California.

/s/Jenna Koval
JENNA KOVAL

- 1 -
Case no.: 2:20-cv-00750-AB(JCx)
**CERTIFICATE OF SERVICE**