UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| none | | none |

**Proceedings:**     (IN CHAMBERS)

**ORDER SUBMITTING, VACATING HEARING DATE ON AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 61)**

### I.  SUMMARY

Pending before the Court and on calendar for February 23, 2021 at 9:30 a.m. is Plaintiff Gary Goldsmith's Motion to Compel ("Motion to Compel"), filed on January 20, 2021, which seeks an order compelling Defendant Garfield Beach CVS, LLC to produce documents responsive to Document Request ("RFP") Nos. 1 and 3 in Plaintiff's Request for Production of Documents, Set Three and awarding Plaintiff his costs, including attorney's fees, pursuant to Local Rule 37-4 and Fed. R. Civ. P. 37(a)(5). (Docket No. 61). On February 2, 2021, Defendant filed an Opposition to the Motion to Compel which includes a cross-request for sanctions. (Docket No. 62). On February 9, 2021, Plaintiff filed a Reply. (Docket No. 63).

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion to Compel appropriate for decision without oral argument. The hearing calendared for February 23, 2021 is hereby vacated and the matter taken off calendar.

Based upon the Court's consideration of the parties' submissions in connection with the Motion to Compel and the pertinent facts and law, the Court grants in part and denies in part the Motion to Compel.

### II.  BACKGROUND

On July 27, 2020, Plaintiff filed the operative First Amended Complaint asserting claims for (1) violations of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.); (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.); (3) conversion; (4) unfair business practices (Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

Bus. & Prof. Code § 17200, et seq.); (5) professional negligence; and (6) vicarious liability. Plaintiff essentially alleges that on January 11, 2019, John Doe No. 1 – a pharmacist employed by Defendant – improperly refused to fill and confiscated Plaintiff's valid prescription for the opiate MS Contin ER, effectively causing Plaintiff to experience severe pain and withdrawal. (Docket No. 49). On August 17, 2020, Defendant filed its Answer. (Docket No. 53). The deadline to hear motions to amend/add parties expired on August 28, 2020. (See Docket No. 45 at 3).

On September 24, 2020, Plaintiff served Plaintiff's Request for Production of Documents, Set Three ("Document Requests") upon Defendant. On November 16, 2020, Plaintiff received Defendant's responses to the Document Requests which Plaintiff viewed to be deficient. On November 25, 2020, Plaintiff's counsel emailed Defendant's counsel requesting that counsel meet and confer regarding Defendant's responses to the Document Requests, indicated that Plaintiff viewed Defendant's objections to be baseless and unsupported by legal authority, and further indicated that Plaintiff would move forward with a motion to compel if Defendant did not provide adequate responses.

On December 3, 2020, counsel telephonically conferred regarding the Document Requests. On December 14, 2020, the Court approved and issued the parties' Stipulated Protective Order. (Docket Nos. 54, 55). On December 21, 2020, Defendant supplemented its response to RFP No. 1, essentially indicating that it would produce photographs as requested to the extent such photographs were available. Defendant stood on its objections to RFP No. 3. Defendant did not provide any documents responsive to RFP Nos. 1 or 3.

On January 8, 2021, Plaintiff's counsel emailed Plaintiff's portion of a joint stipulation to Defendant without any legal authority, exhibits or supporting declarations. Defendant did not respond to or otherwise provide its portion of the joint stipulation to Plaintiff's counsel.

As noted above, Plaintiff filed the Motion to Compel on January 20, 2021, Defendant opposed the Motion to Compel on February 2, 2021, and Plaintiff replied to the Opposition on February 9, 2021. (Docket Nos. 61-63).

The non-expert discovery cut-off is currently May 7, 2021.

**III.   PERTINENT LAW**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/ production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C). If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B). A party's failure to respond to a Rule 34 request is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order. Fed. R. Civ. P. 37(d)(2).

Under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." "[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995), cert. dismissed, 517 U.S. 1205 (1996); see also United States v. Int'l Union of Petroleum and Indus., Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir.1989) ( "Control is defined as the legal right to obtain documents upon demand."). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, National Ass'n of Radiation Survivors v. Tunnage, 115 F.R.D. 543, 554-56 (N.D. Cal.1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted); see also Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (If a party is a corporation or other entity, information in the hands of its agents and others within its control must be supplied); A. Farber & Partners, Inc. v. Garber ("Farber"), 234 F.R.D. 186, 189-90 (C.D. Cal. 2006) (a party must make reasonable inquiry of such agents/third parties to ensure that it has produced all documents in its possession, custody and control).

However, Rule 34 only requires a party to produce documents that are already in existence. Alexander v. FBI, 194 F.R.D. 305, 310 (D.D.C. 2000). "[A] party cannot be compelled to create, or cause to be created, new documents solely for their production." Paramount Pictures Corp. v. Replay TV ("Replay TV"), 2002 WL 32151632, *2 (C.D. Cal. 2002) (denying production of customer data because such information "is not now and has never been in existence"); see also Alexander, 194 F.R.D. at 310 (denying production of certain list of names because there was no evidence that list existed and that the responding party was in possession of such list); Butler v. Portland General Electric Co., 1990 WL 15680 *2 (D. Oregon 1990) (refusing to compel production where requested information had not been compiled into the form of a document or a computer program as the law does not require a party to prepare or create a document in response to a discovery request).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

    If a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in the making the motion, including attorney's fees unless the movant filed the motion before attempting in good faith to obtain the disclosure/discovery without court action, the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(5)(A); <u>Paladin Associates, Inc. v. Montana Power Co</u>, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (party given "opportunity to be heard" within meaning of rule allowing for imposition of discovery sanctions as party received notice of possibility of sanctions when movant filed motion for costs, party allowed to submit responsive brief, and issues were such that evidentiary hearing would not have aided court's decisionmaking process); <u>Hudson v. Moore Business Forms, Inc.</u>, 898 F.2d 684, 686 (9th Cir. 1990) (party need not be given opportunity to respond to sanctions request orally if given full opportunity to respond in writing).

    Local Rules 37-1, *et seq.* govern the filing of motions to compel discovery in the Central District of California.  Such rules essentially contemplate that when a discovery dispute exists, the following shall occur:  (1) the moving party will send the opposing party a meet and confer letter which comports with Local Rule 37-1,[1] with the opposing party having ten days to confer; (2) thereafter, if the parties are unable to resolve their differences, the moving party shall send the moving party's portion of a joint stipulation which comports with Local Rule 37-2.1 & 37-2.2 (and all supporting documents) to the opposing party, with the opposing party having seven days to insert its position and return the joint stipulation (and all supporting documents) to the moving party; (3) the moving party shall then sign the joint stipulation and send the joint stipulation to the opposing party who must sign and return the joint stipulation by the end of the next business day; (4) the moving party shall then file the joint stipulation along with a notice of motion, setting the matter for hearing not sooner than 21 days later/the court's next subsequent regular hearing date; and (5) the parties may file supplemental memoranda not later than fourteen days before the hearing date.  <u>See</u> Local Rules 37-1, 37-2, 37-2.1, 37-2.2, 37-2.3, 37-3. Alternatively, in the event that the opposing party fails to fulfill any of its foregoing obligations, Local Rule 37-2.4 allows the moving party to file a motion (not a joint stipulation) with a declaration attesting to the opposing party's failure, along with a notice of motion, setting the matter for not sooner than 28 days later/the court's next subsequent regular hearing date, with the opposing party's opposition due 21

---

    [1]Pursuant to Local Rule 37-1, the moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

days before the hearing date and the moving party's reply due 14 days before the hearing date.[2]  See Local Rule 37-2.4.  Local Rule 37-4 provides that the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions

### IV.     DISCUSSION AND ORDERS

First, the Court addresses the parties' contentions that each side has violated the Local Rules.  Plaintiff essentially claims that Defendant failed timely to provide Plaintiff's counsel with Defendant's portion of the joint stipulation as required by Local Rule 37-2.2.  Defendant essentially claims that Plaintiff  violated the Local Rules in multiple respects, including Plaintiff's counsel's asserted failure to send defense counsel a meet and confer letter which comports with Local Rule 37-1 and his asserted failure to include supporting documents with Plaintiff's portion of the joint stipulation that was sent to Defendant as required by Local Rule 37-2.2.[3]  The record is insufficient to enable the Court to resolve these matters and the Court declines to award any relief based on the parties' assertions regarding the same.  Plaintiff has not provided the Court with a copy of Plaintiff's counsel's November 25, 2020 communication to defense counsel so that the Court may independently assess whether such letter comports with Local Rule 37-1 or not.  Nor is it clear to the Court that Plaintiff's portion of the joint stipulation was deficient because the Court cannot discern whether the declaration which accompanies the Motion to Compel but was missing from Plaintiff's portion of the joint stipulation provided to defense counsel would have been included in some form to support the Motion to Compel if it had been filed in the form of a joint stipulation.  If so, and if Plaintiff's counsel failed to provide Defendant with such a declaration along with Plaintiff's portion of the joint stipulation, then Defendant's time to provide its portion of the joint stipulation would not have commenced to run until its receipt thereof.  In short, the record is too ambiguous to afford a basis to provide any party with relief based upon an asserted violation of the Local Rules.

---

[2]Pursuant to Local Rule 37-2.4, the Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with Local Rule 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added.  If such a declaration accompanies the motion, then Local Rules 6-1 (calling for not less than a 28-day notice), 7-9 (calling for the filing of an opposition not later than 21 days before the hearing date), and 7-10 (calling for the filing of a reply not later than 14 days before the hearing date).

[3]Defendant also suggests that the Motion to Compel is premature/unnecessary at least as to RFP No. 1 in light of Defendant's supplemental response thereto.  While Defendant may be correct as a practical matter, Plaintiff was entitled to proceed with the Motion to Compel in the absence of Defendant's actual provision of the documents it indicated it would ultimately produce.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

Second, the Court grants in part and denies in part the Motion to Compel as to RFP No. 1.

RFP No. 1 calls for Defendant to produce current identifying photographs of CVS employees: Jessica Guerrero, Jamie Catchings, Michael McCoy, Felix Tran, Jose Najeva, Cristalgem Sanchez, Sunez Hazaie, and Lan Le. Defendant initially asserted privacy, third party privacy, and overbreadth/relevance objections, but thereafter provided a supplemental response, indicating that if documents responsive to this request exist, it would supplement its response pursuant to the protective order entered in this action.

Plaintiff argues that the requested photographs are critical to Plaintiff's effort to identify the Doe Defendants alleged to have been professionally negligent on January 11, 2019, that the request calls for relevant information and is narrowly tailored to enable Plaintiff to identify the individuals who allegedly refused to fill and then confiscated his prescription and that no privacy right prevents disclosure of identifying photographs of potential defendants and/or witnesses. Defendant responds that it is not required to create items to disclose in discovery, that it has indicated it will provide photographs if they exist, and that Plaintiff has failed to demonstrate that his need for the photographs outweighs the non-party employees' privacy rights or to cite any legal authority supporting his entitlement to the requested documents. Notwithstanding the foregoing, Defendant represents that it has obtained copies of photographs of the pharmacists employed at the subject location as such photographs are publicly available and will supplement its response to RFP No. 1 accordingly, and that it does not have possession, custody or control of photographs of employees other than the pharmacists.

As Defendant represents it now has possession, custody and control of and is willing to produce photographs of those among the eight individuals listed who are pharmacists, the Court orders Defendant to produce such photographs to Plaintiff within fourteen (14) days. The Court otherwise denies the Motion to Compel as to RFP No. 1 and declines to order Defendant to produce any other photographs sought by RFP No. 1 at this juncture because the Court views RFP No. 1 to be overbroad, at least on the current record before it.[4] The First Amended Complaint references a single Doe pharmacist who refused to fill and confiscated Plaintiff's prescription. Plaintiff provides no additional information (e.g., gender, physical description) in the First Amended Complaint or in the Motion to Compel, which might facilitate a narrowing of the provision of information to the particular employee in issue and provides the Court with no information as to any of the individuals whose photographs are sought other than that they are employees (*e.g.*, it is unclear to the Court whether all eight of the referenced individuals were even

---

[4]Based on the authorities cited above in Part III, the Court (1) agrees with Defendant that Defendant is not required to create photographs of the employees in issue if such photographs are not currently in its possession, custody or control, but (2) notes, as a general matter, and but for the Court's finding of overbreadth here, Defendant would have an affirmative duty to seek information reasonably available to it from its employees, agents, or others subject to its control.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

working at CVS on the date in issue, let alone that more than one of them interacted with Plaintiff or witnessed the incident in issue).[5] Indeed, Defendant represents that during Plaintiff's deposition, Plaintiff indicated that he interacted with potentially two female employees on the date in issue.

Third, the Court denies the Motion to Compel as to RFP No. 3 without prejudice at this juncture.

RFP No. 3 calls for Defendant to produce any and all documents related to the personnel files, including employment dates, employment history, background, disciplinary records, customer complaints, employee performance reviews, and qualifications of CVS employees Jessica Guerrero, Jamie Catchings, Michael McCoy, Felix Tran, Jose Najeva, Cristalgem Sanchez, Sunez Hazaie, and Lan Le. Defendant asserted privacy, third party privacy and overbreadth/relevance objections.

Plaintiff argues that the documents sought are relevant to the character and credibility of potential Doe Defendants and/or witnesses in the case and that no right of privacy prevents disclosure of such documents. Defendant disagrees.

The Court views RFP No. 3 to be overbroad for the same reasons it views RFP No. 1 to be overbroad as articulated above and because RFP No. 3 is otherwise not narrowly drawn to call for information relevant to credibility/character traits in issue of employees who interacted with Plaintiff/witnessed the incident on the date in issue. The Court, given such overbreath, further concludes that responding thereto would inappropriately invade the privacy of the individual employees. Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. Farber, 234 F.R.D. at 191.[6] Courts balance the need for the information sought against the privacy right asserted. Id. Here, on the current record, the privacy rights of Defendant's employees outweigh Plaintiff's currently demonstrated need for the information sought as to the listed

---

[5] While the Court understands that Plaintiff is apparently unsure of which of the eight individuals witnessed the incident or interacted with him on the date in issue, he must have some additional information that led him to ask about these eight individuals – some of whom have traditional male names, and some of whom have traditional female names – which has not been shared with the Court. For example, if, as Defendant represents, Plaintiff testified at his deposition that he interacted with only two female employees, absent evidence that male employees were working at the CVS on the date/approximate time in issue and may thus have witnessed the events, it is unclear why Plaintiff is asking for photographs of/any information regarding any male employees.

[6] Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Federal Rules of Evidence 501). Where, as in this case, a federal question claim and pendent state law claims are present, federal law on privilege, not state law, applies. Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir.), cert. denied, 546 U.S. 958 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00750-AB-JC | Date | February 16, 2021 |
|---|---|---|---|
| Title | Gary Goldsmith v. Garfield Beach CVS, LLC, et al. | | |

eight employees. Having said that, once Plaintiff is provided with the photographs called for by the Order relative to RFP No. 1 above and identifies John Doe No. 1/otherwise demonstrates that one or more of the listed employees actually interacted with/witnessed the incident on the date in issue, it would be appropriate for Defendant to disclose a subset of the information sought regarding such individuals and the Court urges the parties to meet and confer further regarding a more narrowly tailored category of information sought by RFP No. 3 for any such individuals.

      Finally, the Court denies the Motion to Compel to the extent it seeks the imposition of sanctions/an award of costs, attorney's fees against Defendant/defense counsel. The Court finds that the parties have been afforded an adequate opportunity to be heard regarding Plaintiff's sanctions request in writing and that an evidentiary hearing would not aid the Court's decisionmaking process regarding the imposition of sanctions. Particularly in light of the nature of the Court's rulings above, it is the Court's view that the circumstances present here would make an award of fees and costs pursuant to Fed. R. Civ. P. 37(a)(5) not justified. To the extent not otherwise clear from the Court's above comments regarding the parties' alleged violations of the Local Rules, the Court likewise declines the parties' cross-requests for sanctions based on such alleged violations.

      IT IS SO ORDERED.